ORIGINAL

ABRAHAM N. MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436-2756

IN PRO SE DEFENDANT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 02 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 04-00322-01 DAE |
| Plaintiff, | CR. NO. 05-00049-01 DAE |
| vs. | EX-PARTE MOTION BY INDIGENT DEFENDANT FOR APPOINTMENT OF COUNSEL TO BRING 28 USC § 2255 MOTION BECAUSE OF CONFLICT WITH FEDERAL PUBLIC DEFENDER'S OFFICE; EXHIBITS A, B, C, D, E, F. CERTIFICATE OF SERVICE |
| ABRAHAM NGUYEN MARTIN, | |
| Defendant. | |

EX-PARTE MOTION BY INDIGENT DEFENDANT

To the Clerk of the above-entitled Court, and to the U.S. Attorney's Office for the District of Hawaii:

You will please take notice that the Defendant, Abraham Nguyen Martin, in propria persona, hereby makes application by this Ex-Parte Motion to be appointed counsel for purpose of bringing a 28 USC § 2255 Motion before this Court for <u>Booker/ Blakely</u> error, modification of sentence.

This Motion is predicated on the files and record herein, and the memorandum, points and authorities, and exhibits hereinafter attached.

Lompoc, October 30, 2006                Respectfully submitted,

                                        /s/ Abraham Nguyen Martin
                                        _____
                                        Abraham Nguyen Martin
                                        Defendant

- 1 -

MEMORANDUM IN SUPPORT OF MOTION

1. <u>Defendant is indigent</u>

Defendant was previously appointed Federal Public Defender. His financial condition is unchanged. He possesses no property of value, real or personal, has no money, stocks or bonds, owns nothing of value and at present is indigent, as already confirmed in the PSR by the U.S. Probation Office. Defendant so says under penalty of perjury.

2. <u>Defendant presently has a conflict with the Federal Public Defender's Office</u>

Defendant solicited aid from the Federal Public Defender's Office and First Assistant Federal Public Defender, Alexander Silvert advised defendant that because his 2255 Motion involves ineffective assistance of counsel issues (failure to raise <u>Booker</u>/<u>Blakely</u> argument on enhancement issue) that therefore there is a conflict of interest between defendant and said office, whereby it cannot so represent defendant. Alexander Silvert further advised defendant that this Court "has the discretion to appoint counsel" in a 2255 Habeas Corpus proceeding (See attached Exhibit A).

3. <u>Defendant's 28 U.S.C. § 2255 Motion has Merit</u>

A) The Plea Agreement (page 15 attached herein as Exhibit B) specifically allows "collateral attack" if the sentence is greater than the guideline range (§ 14b) and specifically allows 28 U.S.C. § 2255 "based on claim of ineffective assistance of counsel" (§ 14a).

B) The sentence was beyond the guideline range. The guideline range was undisputably 46 to 57 months (See PSR page 47, item 178 attached as Exhibit C). The Court sentenced defendant to 70 months (See page 3 of Judgment attached hereto as Exhibit D).

C) The sentence was enhanced 2 levels by the Court finding that defendant was "jack of all trades" (§ 3B 1.1), without any preponderance of evidence by the prosecution. Such facts were not agreed to by defendant or found to be true by a jury.

D) The sentence enhancement was opposed by defendant and the U.S. Probation Office (See last paragraph of page 2A of Addendum to the Presentence Report, attached herein as Exhibit E).

E) Alexander Silvert, First Assistant Federal Public Defender, has advised defendant to file a <u>Booker</u> issue, 28 U.S.C. § 2255 Habeas Corpus petition (See Exhibit F attached hereto).

F) The LAW favors defendant's 2255 Motion. <u>U.S. v. Booker</u> 125 S. Ct 738 (2005) preceded defendant's sentencing by 11 months. <u>Ameline I</u> was decided by the Nineth Circuit in 2004 (<u>Ameline I</u>, 376 F.3d 967 (9th Cir. 2004). Both cases stand for the proposition that sentencing facts must be found by the jury or admitted by defendant. <u>Ameline II</u>, 400 Fed.3d 646 (9th Cir. 2005) mandated the Court to reconsider the sentence in a situation of "unpreserved <u>Booker</u> error". Here it is undisputed that defendant's counsel did not make a <u>Booker/Blakely</u> response to the government's request for enhancement for leardership role.

4. <u>Defendant's counsel was ineffective</u>

As aforesaid, defendant's counsel did not oppose the government's motion to enhance defendant's sentence beyond guideline range, by urging that the criteria of <u>Booker</u>, <u>Blakely</u> and <u>Ameline I</u> be observed. But just as significantly he did or failed to do the following:

A) He did not investigate the defense case, he did not interview witnesses. He did not request discovery on the main figure, Hung Chi

- 3 -

LUU, an FBI informant. He did not raise any objection to the government's discovery. He did not offer any advice to defendant, being pressured into pleading guilty without evidence hearing, adequate time frame allowed by law for bargaining. He did not file any motions despite defendant's numerous correspondence of truthful case analysis and explanation to him. He represented to defendant that defendant would not get more than the already stiff 57 months, the upper limit of the guideline range. He told defendant that he had "no time for defendant because he was assigned 60 cases" and was overwhelmed. Defendant alleges under penalty of perjury the foregoing.

5) <u>Time is of the essence</u>

Defendant was sentenced on December 5, 2005, and accordingly <u>must file his 2255 Petition before December 5, 2006</u>. Defendant is NOT trained in the LAW and has no legal expertise.

WHEREFORE, Defendant prays that this Honorable Court exercise its discretion in favor of JUSTICE and FAIRPLAY by appointing counsel for Defendant forwith.

LOMPOC, CALIFORNIA this 30th day of October 2006

Respectfully submitted,

_____
Abraham Nguyen Martin
Defendant
In Propria Persona

- 4 -