IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 04-00322-01 DAE |
| | ) | CR. No. 05-00049-01 DAE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ABRAHAM NGUYEN MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF
COUNSEL AND DENYING AS MOOT DEFENDANT'S MOTION TO
<u>REQUEST RULING</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Abraham Nguyen Martin's motion and the supporting memorandum, the Court DENIES Defendant's Motion for Appointment of Counsel and DENIES as moot Defendant's Motion to Request Ruling.

<u>BACKGROUND</u>

Defendant Abraham Nguyen Martin pleaded guilty to counts of money laundering in violation of 18 U.S.C. §1956 and copyright infringement in violation of 7 U.S.C. §506(a)(1) and 18 U.S.C. §2319(b)(1). (Am. J. in a Criminal Case, hereinafter "Judgment," CR. No. 05-00049-01 DAE, March 3, 2006 at 1 - 2.)

This Court sentenced Defendant to a term of imprisonment lasting seventy months. (Id. at 3.)  This Court also imposed supervised release for a period of three years upon the completion of Defendant's term of imprisonment.  (Id. at 4-5.)  Finally, this Court ordered Defendant to pay various criminal monetary penalties.  (Id. at 6-8.)  Defendant was represented by the Office of the Federal Public Defender during these proceedings.  Defendant, pro se, filed a notice of appeal on August 24, 2006.

On November 2, 2006, Defendant, pro se, filed the instant Ex-Parte Motion by Indigent Defendant For Appointment of Counsel to Bring 28 USC §2255 Motion Because of Conflict with Federal Public Defender's Office ("Motion for Appointment of Counsel").  On November 24, 2006, Defendant, pro se, filed a Motion Under 28 USC §2255 To Vacate, Set Aside, Or Correct Sentence By A Person Under Federal Custody ("Habeas Corpus Motion") in this Court.  (CV. No. 06-00629 DAE-LEK.)  On December 28, 2006, the Defendant requested a ruling on the Motion for Appointment of Counsel, stating that the lack of the ruling was impeding him from effectively pursuing his habeas corpus claims.  (Mot. To Request Ruling on Def.'s Previous Ex-Parte Mot. For Appointment of Counsel Filed Nov. 02, 2006.)

DISCUSSION

Under 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel to represent an indigent defendant seeking relief under 18 U.S.C. §2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (2004); see also, Chaney v. Lewis, 801 F.2d 1191, 1196 (1986), cert. denied, 481 U.S. 1023 (1987) (citing prior version of the statute). According to the Ninth Circuit Court of Appeals, "indigent . . . prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196 (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied, 382 U.S. 996 (1966)).

After careful review, the Court concludes that Defendant has not demonstrated that due process violations will result if the Court declines to appoint counsel to represent Defendant in his habeas corpus proceedings. Defendant's Motion for Appointment of Counsel focuses mainly on the merits of his habeas corpus claims. Defendant does, however, present evidence of his indigent status (Mot. for Appointment of Counsel at 2) and concludes his Motion for Appointment

3

of Counsel with a declaration that "Defendant is NOT trained in the LAW and has no legal expertise."  (Id. at 4.)

This declaration is insufficient to meet the standard set by the Ninth Circuit Court of Appeals for appointing counsel to indigent defendants seeking habeas corpus relief.  See, Chaney, 801 F.2d at 1196 (citations omitted).  Defendant has not demonstrated that due process violations will result if this Court declines to appoint counsel to represent Defendant in the habeas corpus proceedings.  From Defendant's various motions and memoranda it appears that Defendant has the capability to understand the statutes and case law applicable to this case.  Without reaching the merits of the Habeas Corpus Motion for which Defendant seeks assistance, the Court notes that Defendant has the capacity to present discernible arguments, incorporating case law and relevant factual allegations.  Furthermore, in Defendant's resume, he claims that he is "[c]apable in handling legal court pleadings and legal documents in English."  (Habeas Corpus Mot. Ex. A at 1.)  Thus, Defendant's own submissions to the court belie his claimed inability to proceed without counsel.

The federal courts are mindful that many parties appearing pro se, like Defendant, lack legal training or expertise.  Accordingly, the courts construe pro se habeas corpus pleadings liberally.  Allen v. Calderon, 408 F.3d 1150, 1153 (9th

4

Cir. 2005) (citing <u>Maleng v. Cook</u>, 490 U.S. 488 (1989)). The mandated liberal construction of Defendant's pleadings is sufficient to safeguard Defendant's due process rights in this case.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for Appointment of Counsel and DENIES as moot Defendant's Motion to Request Ruling.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 1, 2007.



_____
David Alan Ezra
United States District Judge

<u>United States of America v. Martin</u>, CR No. 04-00322-01 DAE; CR No. 05-00049-01 DAE; ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND DENYING AS MOOT DEFENDANT'S MOTION TO REQUEST RULING