ABRAHAM NGUYEN MARTIN
Reg. No. 87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436-2756

IN PRO SE DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>ABRAHAM NGUYEN MARTIN,<br><br>            Defendant. | ) CR. NO. 04-00322-01 DAE<br>) CR. NO. 05-00049-01 DAE<br>)<br>) DEFENDANT'S SECOND MOTION TO<br>) REQUEST RULING ON DEFENDANT'S<br>) PREVIOUS EX-PARTE MOTION FOR<br>) APPOINTMENT OF COUNSEL FILED<br>) NOVEMBER 02, 2006; MEMORANDUM;<br>) CERTIFICATE OF SERVICE.<br>) |

SECOND MOTION TO REQUEST RULING

COMES NOW, Abraham Martin, hereinafter "Martin", in propria persona, and hereby respectfully submits to this Honorable Court his Second Motion to request timely ruling on his previous Ex-Parte Motion for Appointment of Counsel filed November 02, 2006.

Martin strongly feels that an effective assistance of counsel is needed to proceed with fact finding, investigation; to request for evidentiary hearing on the alleged and imposed offenses, on the **actual loss** amount and other issues; to file a Motion for Bill of Particulars regarding government documents and notes, etc ... and to request full discovery on Luu.

This Motion is predicated on the files and records herein, points and authorities, all the previous filed motions, and the memorandum herewith attached.

- 1 -

## MEMORANDUM IN SUPPORT OF MOTION

### Introduction

Martin first filed his Ex-Parte Motion for Appointment of Counsel on November 02, 2006 for the following reasons:

1. Defendant is indigent.
2. Defendant presently has a conflict with the Federal Public Defenders' Office.
3. Defendant's 28 U.S.C. § 2255 has Merit.
4. Defendant's counsel was ineffective.
5. Time is of essence.

Due to time constraint, Martin had no choice but filed his Motion 2255 on November 24, 2006, to beat the deadline of December 05, 2006.

Despite this fact, and the fact that Martin is a non-lawyer, not trained in the law and is not an expert motion writer, Martin certainly requires counsel to represent him in further judicial proceedings needed for fact finding, investigation, discovery and other important tasks towards arriving at the truth to overturn the miscarriage of justice which was already imposed on him, pursuant to U.S.C. Title 18 § 3064 and Fed. R. Crim. P. 44, and as protected by the Sixth Amendment to the Constitution. **Powell v. Alabama**, 287 US 45, 77 LEd2d 158, 53 SCt 55 (1932), and **Strickland v. Washington**, 446 US 648, 80 LEd2d 674, 104 SCt 2039 (1984).

It has been at least four months this date since Martin's request for appointment of counsel was filed by the court clerk. Martin strongly feels that lack of ruling on his previous Ex-Parte Motion for Appointment of Counsel shall impede him in further proceeding with his constitutional right to effectively challenge his sentence under 2255, civil number CV06-00629 DAE-LEK, filed on November 24, 2006, so as to achieve FAIRNESS and JUSTICE in

the court system.

## ARGUMENT

**1. Calamitous Result of Ineffective Assistance of Counsel:**

Martin hereby incorporates his Ex-Parte Motion for Appointment of Counsel, his Motion 2255, his Motion to Request Ruling, and his Amendment to Motion 2255 into this section.

As aforesaid, Martin suffered miscarriage of justice due to his Federal Public Defenders, Mr. William Domingo and Mr. Michael Weight, who turned out to be good for nothing. They did not file a single motion in defense, nor did they raise objection to the prosecutor's misconduct regarding a number of issues:

a) Mr. Michael Weight, Martin's Federal Public Defender, failed to raise objection to the prosecutor's misconduct in withholding evidence favorable to the defendant. "Suppression of favorable evidence violates due process." **Brady v. Maryland**, 373 US 83, 10 LEd2d 215, 83 SCt 1194 (1963). "New trial is warranted under BRADY when government failed to disclose favorable evidence and evidence suppressed was material." **U.S. v. Wong**, 78 F3d 73 (2nd Cir. 2002).

b) Mr. Michael Weight, Martin's Federal Public Defender, failed to raise objection to the prosecutor's misconduct in charging the defendant with Luu's wire fraud offenses three different times (in the Indictment, the Information and the Superseding Indictment). "While the prosecutor is clearly authorized to strike hard blows in an earnest and vigorous prosecution, he is not at liberty to strike foul ones." **Boyle v. Million**, 201 F3d 711 (6th Cir. 2000).

- 3 -

c) Mr. Michael Weight, Martin's Federal Public Defender, failed to raise objection to the prosecutor's misconduct in providing distorted facts (lies) at least 2 times in court (during the first and third bail hearings).

d) Mr. Michael Weight, Martin's Federal Public Defender, failed to raise objection to the prosecutor's misconduct in providing incomplete, distorted and unverified relevant conduct information to the U.S. Probation Office. Mr. Weight also failed to raise objection to the numerous errors in the Presentence Investigation Report, such as, inter alia, the **actual loss** amount to be only about $110,000.00 and the enhancement of 2 levels for sophisticated means to be deleted (it was Luu who used the sophisticated means, not Martin).

e) Mr. Michael Weight, Martin's Federal Public Defender, failed to raise objection to the prosecutor's misconduct in trying to enhance Martin's sentence unjudicially and unethically with the vulnerable victim and ring leader issues. Luu was unquestionably the grand master criminal (as demonstrated in Exhibit "C" of Motion 2255), FBI informant and ring leader, not Martin. "Conspiracy conviction is not possible if defendant conspired only with government agents or informants." **U.S. v. Rodriguez**, 319 F3d 12 (1st Cir. 2003).

Furthermore, Martin's Federal Public Defender, Mr. Michael Weight, failed to raise objection to the unconstitutional search and seizure by the USSS and the FBI on February 15 and 16, 2003. The Search Warrant itself should have been rendered invalid, since it was based solely on Luu's lies, distorted and slanderous infor-

mation and accusations. HPD records had shown Luu to have committed a few felonious offenses in Hawaii and that he should not have any credibility whatsoever. In **Franks v. Delaware**, 438 US 154, 57 LEd2d 667, 98 SCt 2674 (1978): "Under Supreme Court's **FRANKS** decision, search warrant is invalid in affiant knowingly and intentionally, or with reckless disregard for the truth, includes false statement in warrant affidavit." **U.S. v. Adams**, 110 F3d 31 (8th Cir. 1997). "Search Warrant must be specific enough to avoid a general, exploratory rummaging of a person's property." **U.S. v. Mathison**, 157 F3d 541 (8th Cir. 1998). Also, "There is no 'murder scene exception' to Warrant Clause of the Fourth Amendment that would allow warrantless search of everything found within crime scene after area is secured." **Flippo v. West Virginia**, 528 US 11, 145 LEd2d 16, 120 SCt 7 (1999). Moreover, "Fourth Amendment requires warrant application to contain truthful factual showing of probably cause." **Hunter v. Namanny**, 219 F3d 825 (8th Cir. 2000). In **William v. Kaufman County**, 352 F3d 994 (5th Cir. 2003): "Because the Fourth Amendment requires particularity, 'open-ended' or 'general' warrants are constitutionally prohibited." Therefore, the Search and Seizure by both the USSS and the FBI clearly violated the Fourth Amendment to the U.S. Constitution and consequently, any evidence obtained by them on February 15 and 16, 2003 **must be suppressed.**

The USSS further violated due process by ignoring "Execution and Return" as required by law. An FBI affidavit regarding **U.S. v. Pham** (year 2000 ?) was missing, inter alia, from Martin's home and was not indicated on the list of seized items, neither from the USSS nor the FBI, in which affidavit Luu acted

as a C.W. (co-operating witness).

Mr. Michael Weight, Martin's Federal Public Defender, did not raise any objection to the money laundering charge, which was highly questionable according to the law. Martin used the bank fraud gain for his own personal expenses only. "A money laundering conviction cannot stand where there is no evidence that the proceeds were used for anything other than personal expenses." **U.S. v. Parker**, 364 F3d 934 (8th Cir. 2004). Furthermore, "Offense of money laundering requires finding of effect on inter-state commerce." **U.S. v. Evans**, 285 F3d 664 (8th Cir. 2002).

Mr. Michael Weight, Martin's Federal Public Defender, failed to raise objection to the government informant's scheme and artifice to entrap the defendant. Martin is a degreed civil engineer, general contractor, and construction consultant. He had been a resident of Hawaii for over 35 years before he was introduced to Luu at the end of August 2001. Luu, on the other hand, was born to be a criminal from day one: in Saigon, Vietnam as well as in Lafayette, Louisiana; in Houston, Texas; in Orange County, California; etc ... and in Honolulu, Hawaii. It is totally illogical for Martin to commit the alleged and charged offenses, if left alone in his own devices, for the gain of only about $40,000 to $55,000 (50% of the total gain was split with Luu, the entrapper) in exchange for the destruction of his career and family as a result. Luu specifically told Martin in June 2002 that the FBI gave both Luu and Martin the "umbrella protection" after he introduced Martin to FBI special agent Sam Mum in the parking lot of the former Tony Roma Restaurant in Kahala. "The entrapment

defense protects an otherwise law-binding citizen who, if left to his own devices, likely would have never run afoul of the law." **U.S. v. Capelton**, 350 F3d 231 (1st Cir. 2003). "When undercover agents or informers engineer and direct criminal enterprise from start to finish, due process prevents conviction of even predisposed defendant." **U.S. v. Mitchell**, 915 F2d 521 (9th Cir. 1990).

Last but not least, Martin's counsel, Mr. Michael Weight, failed to raise any objection to the district court's violation of the Sixth Amendment by enhancing the defendant 2 extra levels, a clear **Booker** issue; which fact was neither admitted by defendant nor defendant found guilty by a jury beyond a reasonable doubt. The constitutional right to appeal was not mentioned at sentencing hearing at all. Martin therefore suffered miscarriage of justice and was imposed a sentence which was extraordinarily excessive for his crime and special circumstances. "Eightth Amendment forbids extreme sentences that are grossly disproportionate to the crime." **U.S. v. Barajas-Avalos**, 359 F3d 1204 (9th Cir. 2004).

### 2. Governmental Misconduct and Vindictiveness:

Martin hereby incorporates his Ex-Parte Motion for Appointment of Counsel, his Motion 2255, his Motion to Request Ruling, his Amendment to Motion 2255, section (1) of the ARGUMENT into this section.

The government has displayed misconduct and vindictiveness in Martin's criminal prosecution and conviction as follows:

a) The government protected and covered up for Luu who committed numerous crimes, inflicting hundreds of victims and causing hundreds of thousands of dollars in losses.

b) The government intentionally withheld evidence on Luu, trying to charge and convict Martin with Luu's expert wire fraud offenses.

c) The government provided incomplete and unverified offense information to the U.S. Probation Office, especially relevant conduct information, neither admitted by defendant nor found guilty by a jury beyond a reasonable doubt, so that a prejudiced and errorneous Presentence Investigation Report would be drawn up accordingly.

d) The government, knowingly well aware that Luu was a drug addict, drug dealer, ex-convict and he would inflict any victim(s) at all, especially those tenants in his building(s), (Luu being a person without a heart) tried to enhance defendant with Luu's vulnerable victim(s) in order to punish defendant vindictively, unjudicially and unjustly.

e) The government, knowingly well aware that Luu was a grand master criminal and ring leader for some 20 years, tried to enhance defendant with Luu's position, in order to punish defendant vindictively, unjudicially and unjustly.

"Law enforcement techniques that are shocking to the universal sense of justice mandated by the due process clause violate the Constitution." **U.S. v. Nyhuis**, 211 F3d 1340 (11th Cir. 2000). In **U.S. v. Jannottie**, 673 F2d 578, 614 (3rd Cir. 1982): "There is no more cruel tyranny than that which is exercised under cover of law, and with the colors of justice." (extracted from the French **Montesquier De L'Esprit Des Lois in 1748**). Furthermore, "The function of the prosecutor under the Federal Constitution is

not to tack as many skins of victims as possible to the wall. His function is to vindicate the right of people as expressed in the laws and give those accused of a crime a fair trial." **Donnelly v. DeChristofona**, 416 US 637, 648-49, 40 LEd 431, 440, 94 SCt 1868 (1974). Again, in **Jencks v. U.S.**, 353 US 657, 1 LEd2d 1103, 77 SCt 1007 (1957): "The interest of the United States in a criminal prosecution is not it shall win the case, but that justice will be done.". Ninth Circuit Justice **Levanthal** and his interpretation on strict criminal liability: "If the government, police and prosecutors could always be trusted to do the right thing, there would have never been a need for the Bill of Rights." **U.S. v. U.S. District Court for the Central District of California**, 858 F2d 534 (9th Cir. 1988).

Moreover, the government should have a heart. "You can't run a government solely on a business basis ... government should be human. It should have a heart." **Herbert Henry Lehman**, Governor of New York, said in 1942. "Prosecutor does not represent an entity whose interests include winning at all costs; prosecutor's client is society, which seeks justice, not victory." **U.S. v. Doe**, 860 F2d 488 (1st Cir. 1988). Before that, **Louis D. Brandeis - U.S. Supreme Court Justice - 1856-1941**, stated: "To declare that in the administration of criminal law the end justifies the means - to declare that the Government may commit crimes in order to secure conviction of a private criminal - would bring terrible retribution." ... and further warned: "Crime is contagious. If the government becomes the lawbreaker, it breeds contempt for the law." Nothing can be more true than the following statement: before, now

and many more decades to come: "Experience hath shown, that even under the best forms of [government] those entrusted with power have, in time, and by slow operation, perverted it into tyranny." **Thomas Jefferson - 3rd President of the United States - 1743-1826.**

**3. Just sentence must be based on true facts:**

It is clear that Martin's sentence was not based on true facts, but unverified, uncontested, distorted and imposed information provided by the government.

In the PSR, the loss was figured at over $228,000.00 but in fact the **actual loss** was approximately $80,000.00 to $100,000.00; or at the most, for the benefit of the doubt, $110,000.00, which **actual loss** was calculated and presented in defendant's **Analysis of the PSR**, attached to his Amendment to Motion 2255. The reason for the PSR error was the fact that the loss was the addition of ALL counts and relevant conduct counts or information, which were **unverified, distorted, unadmitted by defendant, not found guilty by a jury beyond a reasonable doubt; and which included many offenses which belonged to Luu, especially wire fraud charges.** Moreover, all bounced, stopped checks and bank backcharges were not deducted from the total amount. Due to ineffective counsel, no evidentiary hearing was requested to this effect; and the prosecutor abused this occasion to provide to the U.S. Probation Office anything he wanted to, including Luu's offenses, to augment Martin's punishment unjudicially, vindictively and unjustly. It is clear that the government wanted Martin to absorb Luu's crimes also, due to the many complaints from the people in Hawaii and on the U.S. Mainland. So instead of a 24 to 30 months sentence,

defendant's sentence was enhanced to 70 months, charged with being ring leader of his wife and Luu. Anna Martin, defendant's wife, had nothing to do with defendant's offenses, since defendant was the person who controls all family business in a Vietnamese family, and his wife's duty is to take care of household chores. Furthermore, "Criminal conspiracy cannot be proven solely by family relationship." **U.S. v. Ismoila**, 100 F3d 380 (5th Cir. 1996). On the other hand, "There can be no conspiracy between one defendant and government informer." (Luu being the government informer) **U.S. v. Asibor**, 109 F3d 1023 (5th Cir. 1997).

True facts can only be obtained by fact finding, investigation, complete discovery on Luu, subponaed records from various lending institutions, Dell and Gateway Computers, cellular phone companies, Sears, AOL Online Purchase, etc ...., disclosure of government documents, records on Luu [investigation by the HPD and the USSS on Luu, the quarrel between the USSS and the FBI about Luu (one agency prosecuting and the other protecting), Luu's CPU was safeguarded by the FBI while Luu was incarcerated at OCCC from December 14, 2001 to April 2002, etc ...]

In other words, "Due Process requires that defendant be sentenced on basis of accurate information." **U.S. v. Eschman**, 227 F3d 886 (7th Cir. 2000). See also **U.S. v. Nappi**, 243 F3d 758 (3rd Cir. 2001). "If the district court fails to make the required findings or determinations during sentencing hearing, the sentence must be vacated and the defendant resentenced." **U.S. v. Herrera-Rojas**, 243 F3d 1139 (9th Cir. 2001). Also, in **U.S. v. Polson**, 285 F3d 563 (7th Cir. 2002): (1) A district court cannot rely on inaccurate information in sentencing defendant; a sentence based on

inaccurate information must be set aside, and (2) Evidence offered in support of an enhancement under Sentencing Guidelines must be reliable.

### 4. Appointment of counsel is needed:

Martin hereby incorporates his Ex-Parte Motion for Appointment of Counsel, his Motion 2255, his Motion to Request Ruling, his Amendment to Motion 2255 and sections (1), (2) and (3) of the ARGUMENT into this section (4).

To perform the task of fact finding and be ready for any evidentiary hearing, Martin does require effective counsel to represent him, pursuant to U.S.C. Title 18 § 3064, Fed. R. Crim. P. 44, and the Sixth Amendment. The effective asistance of counsel is definitely needed to further proceed with the defendant's constitutional right to effectively challenge his sentence under 2255, to bring about the true facts as stated in defendant's previous Motions and Amendment to Motion 2255. Defendant hereby declares under penalty of perjury that those stated facts are true to the best of his knowledge, information and belief.

### 5. The Alternate Solution by the District Court:

Martin hereby incorporates his Ex-Parte Motion for Appointment of Counsel, his Motion 2255, his Motion to Request Ruling, his Amendment to Motion 2255, and sections (1), (2), (3) and (4) of the ARGUMENT into this section (5).

Martin strongly believes that justice will be served if the Honorable District Court exercise its discretion to modify Martin's sentence to level 15 or less, or 24 to 30 months or less, for the sake of FAIRNESS and to overturn the miscarriage of justice which was already imposed on Martin. "The government has

a special responsibility to ensure the integrity of the criminal judicial process by living up to the code of ethics and fair play at all times." **U.S. v. White**, 222 F3d 363 (7th Cir. 2000).

Furthermore, the primary directive in section 3553(a) in 18 U.S.C. is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, ...... ". **Booker**, 125 SCt at 757. See also **U. S. v. Ameline**, 400 F3d 646, 655-56 (9th Cir. 2005). Martin therefore respectfully requests that the Honorable District Court exercise its discretion to modify his sentence to 24 months, to overturn the miscarriage of justice which was imposed on him December 5, 2005.

## Conclusion

**WHEREFORE**, for all the foregoing reasons and grounds, points and authorities. records and files herein, and argument thereof, defendant respectfully requests that the Honorable Court exercise its discretion to appoint effective counsel for the defendant. In the alternative, the Honorable Court will exercise its discretion to modify and/or correct the sentence accordingly, to level 15, or 24 to 30 months imprisonment, for optimum justification of FAIRNESS and JUSTICE in the court system.

DATED:   Lompoc, CA   this   5th day of March, 2007

Respectfully submitted,

_____
Abraham Nguyen Martin
Defendant
In Propria Persona

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the foregoing document has been sent this very date, via U.S. Mail, postage pre-paid, by handing the envelope to the designated BOP official, at the Officer-In-Charge Office, Lompoc Federal Prison Camp, 3705 West Farm Road, Lompoc, CA 93436-2756, to the following party at his last known address:

>    WILLIAM L. SHIPLEY
>    Assistant U.S. Attorney
>    300 Ala Moana Blvd. Room 6-100
>    Honolulu, HI 96850

FPC LOMPOC, CA   this 5th day of March 2007

_____
Abraham Nguyen Martin
Defendant
In Propria Persona