<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I. <u>BACKGROUND</u>

Petitioner Martin was initially charged with an Indictment on August 25, 2004, along with his wife, Anna Martin, co-defendant, in criminal No. 04-00322 DAE, who was implicated by the government in the petitioner's crime.

Petitioner was subsequently charged with the "Information", criminal No. 05-00049 DAE, then the "Superseding Indictment".

During the entire pre-trial proceeding, Martin's defense lawyer was totally ineffective. He did not investigate the case, did not file any defense motion(s) as suggested by the defendant. Martin was therefore totally prejudiced and suffered miscarriage of justice as a result. [The pre-trial period constitutes a "critical period" in criminal proceedings because it encompasses counsel's constitutionally imposed duty to investigate the case.] See **Mitchell v. Mason,** 325 F.3d 732 (6th Cir. 2003); **U.S. v. Cronic,** 466 U.S. 648, 80 L.Ed.2d 657, 104 S.Ct. 2039 (1984) and **Geders v. U.S.,** 425 U.S. 80, 47 L.Ed.2d 592, 96 S.Ct. 1330 (1976). Martin's federal public defender, Mr. Michael Weight, did admit to the defendant that he was assigned sixty (60) cases and was therefore overwhelmed and overburdened to be effective. No one can.

On the other hand, the prosecutor resorted to all sorts of improper and unethical means to arrive at a vindictive conviction, such as: multiplicity of counts, double-counting, reckless and wanton use of statutes of offense (such as money laundering, conspiracy, etc.), unauthorized use of perjured testimony of Luu (grand master criminal & ring leader, FBI informant), breach of fiduciary duty and dignity of the justice system by providing

unverified, inaccurate and/or distorted information to the U.S. Probation Officer and the U.S. District Court to exasperate the defendant's offense and conviction. In **Daniels v. Lee**, 316 F.3d 477 (4th Cir. 2003) and **U.S. v. Haese,** 162 F.3d 359 (5th Cir. 1998), the court held that: "Defendant's conviction must be reversed on due process grounds where the government knowingly solicits, or fails to correct, materially false statements from its witnesses." (namely Luu, an FBI informant). The prosecutor therefore violated the Due Process Clause provisions of the Fourteenth Amendment. "The guarantee of due process protects citizens against deliberate harm from government officials." **Brown v. Nationsbank Corp.**, 188 F.3d 579 (5th Cir. 1999). In **U.S. v. Miller,** the court held: "Due Process requires that a convicted person not be sentenced on materially untrue assumptions or misinformation." Furtheremore, "Prosecutor may not obtain criminal conviction through use of false evidence." See **Thompson v. Calderon**, 109 F.3d 1358 (9th Cir. 1996).

II. <u>PETITIONER IS INDIGENT</u>

Petitioner Martin is indigent, as demonstrated throughout the criminal proceeding of this case, through his Ex-Parte Motion for Appointment of Counsel which was denied by this Court, and through his recent Motion for Application to Proceed in Forma Pauperis. And the Court agreed.

III. <u>PROCEEDING TRANSCRIPTS ARE NEEDED BY PETITIONER</u>

Petitioner Martin has been forced to carry on the appeal on his own, being denied appointment of counsel. To effectuate a meaningful and meritorious appeal, Martin needs to conduct an investigation of his case; and the proceeding transcripts are, inter alia, the most urgent documents needed.

"State must provide indigent defendant with transcript of prior proceedings when that transcript is needed for effective defense or appeal." **U.S. v. Tyler**, 943 F.2d 420. See also **U.S. v. Green**, 293 F.3d 886 (5th Cir. 2002).

**WHEREFORE**, for the foregoing reasons, petitioner respectfully requests that the Honorable Court order the government to produce the needed proceeding transcripts of his criminal case.

DATED: Lompoc, California this June 4th 2007

_____
Abraham Martin
Petitioner Pro Se

- 3 -