ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436-2756

IN PRO SE PETITIONER



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 8 2007

at 2 o'clock and 03 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 06-00629 DAE/LEK |
| | ) | CR. NO. 04-00322 DAE |
| Respondent/Plaintiff, | ) | CR. NO. 05-00049 DAE |
| | ) | |
| vs. | ) | MOTION FOR EVIDENTIARY HEARING |
| | ) | ON PETITIONER'S HABEAS CORPUS |
| ABRAHAM NGUYEN MARTIN, | ) | MOTION § 2255 AND ON BRADY AND |
| | ) | JENCKS MATERIALS TO BE PRODUCED |
| Petitioner/Defendant. | ) | BY THE GOVERNMENT; |
| | ) | CERTIFICATE OF SERVICE |

**MOTION FOR EVIDENTIARY HEARING**

COMES NOW, Abraham Martin, petitioner in propria persona in the above-entitled action, and hereby respectfully submits to this Honorable Court his Motion for Evidentiary Hearing on his Habeas Corpus Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence for a Person in Federal Custody; and on the BRADY and JENCKS ACT materials to be produced by the Government.

This Motion is brought forward pursuant to 28 U.S.C. § 2255; 18 U.S.C. § 3500; Rule 5(b) of the Rules Governing Section 2255 for the United States District Courts; Rules 26(b) and 34(a) of the Rules of Civil Procedure; and is predicated on the files and records of this action, and the Memorandum in Support of Motion attached herewith.

### MEMORANDUM IN SUPPORT OF MOTION

Petitioner Martin avers that the sentence imposed is in violation of the Constitution and the Law of the United States, which involved a fundamental defect causing a complete miscarriage of justice.

The petitioner hereby incorporates his ex-parte motion for appointment of counsel; motion § 2255; Amendment to Motion § 2255 and his Reply/Traverse to the Government's Response to Motion § 2255 into the following Argument.

### I. THE LAW, AUTHORITIES AND RULES

#### A. TITLE 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in pertinent part, that "[u]nless the [§2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, [and] **grant a prompt hearing thereon ....."**

#### B. TITLE 18 U.S.C. § 3500 AND JENCKS ACT

This § 3500 mandates:" ...., the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified ...., the court shall order it to be delivered directly to the defendant for his examination and use."

In **Jencks v. U.S.**, 353 U.S. 567, 1 L.Ed.2d 1103, 77 S.Ct. 1007 (1957), the Supreme Court held: 1) The right of the criminal defendant to compel the production of written statements of government witnesses for impeachment purposes, and 2) The interest of the United States in a criminal prosecution is not it shall win a case,

- 1 -

but that justice will be done. See also **U.S. v. Small**, 74 F.3d 1276 (D.C. Cir. 1996); **U.S. v. Alvarez**, 86 F.3d 901 (9th Cir. 1996); **U.S. v. Brumel-Alvarez**, 976 F.2d 1235 (9th Cir. 1992). The **Jencks Act** requires the production of any statements by a witness who has testified on direct examination for the prosecution. The **Act** defines these statements as, inter alia, "(1) a written statement made by said witness and signed or otherwise adopted by him [and] (2) a stenographic, mechanical, electrical, or otherwise recording, or a transcription thereof, which is substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement ....." 18 U.S.C. § 3500(e)(1)(2).

C. BRADY MATERIAL

In **Brady v. Maryland**, 373 U.S., 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963), the Supreme Court held: "Suppression of favorable evidence to the defense violates due process." See also **Artholomew v. Wood**, 34 F.3d 870 (9th Cir. 1994); **U.S.v. Zuno-Arce**, 44 F.3d 1420 (9th Cir. 1995). Although **Brady** never has been read to create a constitutional right in the accused to unlimited discovery, it nevertheless imposes on the government a duty to disclose evidence favorable to the accused. **U.S. v. Agurs**, 427 U.S. 97, 103-07 (1976) "'[T]he prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial.'" **U.S. v. Presser**, 944 F.2d 1275, 1281 (6th Cir. 1988) (quoting **Agurs**, supra) 427 U.S. at 108. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeeding would have been different. A "reasonable probability" is a probability sufficient to undermine

confidence in the outcome." Id. (quoting **Pennsylvania v. Ritchie**, 480 U.S. 39 (1987).

D. RULES GOVERNING SECTION 2255

Pursuant to Rule 5(e) of the Rules Governing Section 2255 for the United States District Courts, the Government failed, by the court order to answer the Petitioner's Motion 2255 allegations, to state: "... whether the moving party received an evidentiary hearing." The Government therefore violated the Petitioner's Due Process Rights protected by the Fifth and Fourteenth Amendmends to the U.S. Constitution.

E. RULES OF CIVIL PROCEDURE

Rule 26(b) and Rule 34(a) of the Federal Rules of Civil Procedure are applicable for the assertions in this Motion to request for the documents and statements in the Government's custody. These documents and statements are relevant to the Petitioner's claims and certainly are favorable to the defense. Had these documents and statements been known before sentencing, the Petitioner would not have been prejudiced in his present sentence with such a severe miscarriage of justice. The government has concealed these documents and statements till this very date.

II. PETITIONER'S DUE PROCESS VIOLATED

In this instant case, Petitioner has been prejudiced by ineffective assistance of counsel, who, despite petitioner's request during the critical pre-trial stage, failed to file a motion for an evidentiary hearing. The defense lawyer also failed, at sentencing hearing, to raise objection to the Government's proferred distorted facts based on inference-upon-inference offenses, wrongful assumptions and presumptions, and especially unauthorized use of perjured

- 3 -

testimony from Hung Chi LUU, the Government star witness and an FBI informant/entrapper. The Petitioner's due process rights were therefore violated and the interests of justice impaired, as a result.

In **City of West Covina v. Perkins**, 525 U.S. 234, 142 L.Ed. 2d 636, 119 S.Ct. 678 (1999), the Supreme Court held that: "A primary purpose of the notice required by Due Process Clause is to ensure that the opportunity for a hearing is meaningful." Petitioner seeking to vacate sentence is entitled to evidentiary hearing on his claims if he alleges fact that, if proven, would entitle him to relief.: **Doe v. U.S.**, 51 F.3d 693 (7th Cir. 1995). Also, not only can a district court hold evidentiary hearing on motion to vacate sentence, court ordinarily must do so if defendant raises meritorious claims involving factual issues. **Biami v. U.S.**, 144 F.3d 1096 (7th Cir. 1998).

In **Daniels v. Lee**, 316 F.3d 477 (4th Cir. 2003) and **U.S. v. Haese**, 162 F.3d 359 (5th Cir. 1998), the Circuit Court held that: "Defendant's conviction must be reversed on due process grounds where the government knowingly elicits, or fails to correct, materially false statements from its witnesses." See also **Philips v. Woodford**, 267 F.3d 965 (9th Cir. 2001) and **Wilson v. Lawrence County**, 260 F.3d 946 (8th Cir. 2001).

Due process also requires that a convicted person not be sentenced on materially untrue assumptions or misinformation. See **U.S. v. Miller**, 263 F.3d 1 (2nd Cir. 2001; **U.S. v. Hankton**, 432 F. 3d 779 (7th Cir. 2005) and **Thompson v. Calderon**, 109 F.3d 1358 (9th Cir. 1996). In charging the Petitioner with money laundering offense, the prosecutor clearly violated Due Process Clause as mandated by the Fifth and Fourteenth Amendments to the U.S Cons-

- 4 -

titution. "It is a fundamental due process principle that a statute must clearly define the conduct that it prohibits." **U.S. v. Evans**, 318 F.3d 1011 (10th Cir. 2003). See also **Forbes v. Napolitano**, 230 F.3d 1009 (9th Cir. 2000).

IN SUMMARY, **"Truthfulness of testimony ... "the dignity of the United States Government will not permit the conviction of any person on tainted testimony." Mesareosh v. U.S., 352 U.S. 1, 1 L.Ed.2d. 1, 77 S.Ct. 1 (1956).**

### III. REQUESTED DOCUMENTS

The Petitioner contemplates the following documents, inter alia, for the Honorable Court to order the Government to produce, for examination and review:

1. HPD investigation reports on Luu (1996-2003) and Luu's testimonies.

2. The USSS special agent Joseph Roberts' investigation reports on Luu and Luu's testimony.

3. The United States Postal Service's investigation reports on Luu.

4. The FBI records on Luu (for the last 25 years, 7 years of which in Hawaii)

5. Luu's fruits of crime stored in his CPU which the FBI kept for 4 months (January-April 2002) and a young FBI agent named John (?) played the games stolen by Luu from Comp USA on Ala Moana Boulevard.

6. Luu's fruits of crime stored in his CPU, which, either the USSS special agent Roberts seized on or about February 15, 2003 at 1660 Piikoi Street, Apt. H, Honolulu with a Search Warrant issued by Magistrate Judge Kevin Chang; or had been removed by the FBI to produce incriminating evidence, or to destroy evidence, by a phone call from HPD headquarters.

7. The record of the USSS/FBI encounter (confrontation) on Luu. The USSS had been investigating on Luu and the FBI had been protecting Luu to commit crimes.

8. All records/statements of Luu's testimony relevant to this case.

9. All records which the government submitted to the U.S. Proba-

tion Office and the District Court, pursuant to plea agreement.

10. All records of subpoenaed documents, statements from various banks, companies, entities, etc., involved in the charged offenses.

11. All subpoenaed records of delivery from UPS, Fed-Ex, or the U.S.P.S.

12. Records of any ex-parte communication between the prosecutor and the district court before sentencing.

13. Any other records, documents, statements, reports, etc...as deemed necessary by this court to arrive at the true facts in this case.

## IV. CONCLUSION

Based on the foregoing statutes, authorities, rules and arguments, Petitioner Martin respectfully urges this Honorable Court to grant him an Evidentiary Hearing on his Habeas Corpus Motion § 2255 and order the Government to produce all pertinent **Brady** and **Jencks Act** materials in this action, for the interests of justice and fairness to the Petitioner.

DATED:  Lompoc, California   June 14, 2007

Respectfully submitted,

_____
Abraham Martin
Petitioner  Pro Se

- 6 -

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the foregoing document has been sent, via U.S. Mail, postage pre-paid, on this date of June 14, 2007, to the following party at his last known address:

>WILLIAM L. SHIPLEY
>Assistant U.S. Attorney
>300 Ala Moana Blvd., Rm 6-100
>Honolulu, HI 96850

>Attorney for the United States of America

by handing the envelope to a Bureau of Prisons officer in charge of legal mail at Lompoc Federal Prison Camp, California.

DATED: Lompoc, California   June 14, 2007

*[signature]*

Abraham Martin