ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

IN PRO SE PETITIONER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 11 2007

at \_\_ o'clock and \_\_ min. \_\_ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CR 04-00322 DAE
CR 05-00049 DAE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIV. NO. CV06-00629 DAE/LEK |
| Respondent/Plaintiff, | ) PETITIONER'S SUPPLEMENTARY |
| | ) REPLY/TRAVERSE TO THE GOVERMENT'S |
| vs. | ) RESPONSE AND ITS 07/02/2007 |
| | ) SUPPLEMENT TO PETITIONER'S MOTION |
| ABRAHAM NGUYEN MARTIN, | ) UNDER TITLE 28 § 2255 TO VACATE, |
| | ) SET ASIDE, OR CORRECT SENTENCE; |
| Petitioner/Defendant. | ) EXHIBIT "F"; |
| | ) CERTIFICATE OF SERVICE |

PETITIONER'S SUPPLEMENTARY REPLY/TRAVERSE TO
THE GOVERNMENT'S RESPONSE AND ITS 07/02/2007 SUPPLEMENT TO
HIS MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

COMES NOW, Abraham Martin, hereinafter "Martin", petitioner in propria persona in the above-mentioned action, and hereby respectfully submits to this Honorable Court his Supplementary Reply/Traverse to the Government's Response and its recent Supplement dated July 02, 2007 to his Motion under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence for a Person in Federal Custody.

This Supplementary Reply/Traverse is brought forward to complete the section II(B)(2)(g) on page 16 of the Petitioner's original Reply/Traverse and to provide new Reply/Traverse to the Government's Supplement dated July 02, 2007.

- 1 -

## PETITIONER'S SUPPLEMENTARY REPLY/TRAVERSE

**I. INEFFECTIVE ASSISTANCE OF COUNSEL - Plea Bargaining and Agreement**

As promised, Petitioner Martin is hereby providing his Reply/Traverse to the Government's Response in sub-section II(B)(2)(g) on page 17.

Martin hereby incorporates his original Reply/Traverse to the Government's Response to Motion 2255, Motion 2255, Amendment to Motion 2255, files and records of the entire criminal and civil proceedings of this action into the following argument.

**1. Background**

First, Petitioner Martin did not plead guilty to the original Indictment on August 26, 2004, starting with wire fraud charges (all Luu's). Second, Martin did not plead guilty to the Information, also starting with wire fraud charges (all Luu's). Third, Martin did not plead guilty to the first 8 counts of wire fraud charges (all Luu's) but would plead guilty to the remaining counts charged in the Superseding Indictment, which contain a total of **23 multiplicitous counts** (9-10, 13-14, 18-19, 20-21, 22-23, 27-28, 30-31, 32-33, 34-35, 36-37, 38-39, 40-41, 42-43, 44-45, 46-47, 51-52, 54-55, 59-60, 61-62, 63-64, 65-66, 69-70, 72-73), <u>resulting in **an incredible volume increase of $ 136,035.63**</u>, in a scheme and artifice to exasperate the offense and severe punishment unjudicially. Multiplicitous counts are illegal, since in this instant case, most of the checks are access device but were charged both as bank fraud and access device. **United States v. Reedy**, 304 F3d 358 (5th Cir. 2002) and **United States v. Villarini**, 238 F3d 530 (4th Cir. 2001). Moreover, petitioner's due process rights were severely violated by the

prosecutor in his vindictiveness. In **Forbes v. Napolitano**, 236 F. 3d 1009 (9th Cir. 2000) the court held that under due process clause, statute which criminalizes conduct may not be impermissibly vague in any of its applications. See also **United States v. Evans**, 318 F.3d 1011 (10th Cir. 2003).

Petitioner Martin was not aware of any plea discussions and/or bargaining towards a fair plea agreement, since there was none. Martin's agreement was clear during the Superseding Indictment arraignment, and certainly does not include any counts of the Information, which was superseded by the Superseding Indictment.

And yet, the prosecutor maliciously and deceitfully introduced 2 counts of the Information into the plea agreement, which act was unconstitutional and violated Martin's due process rights protected by the Fifth and Fourteenth Amendments. In **Santobello v. New York**, 404 U.S. 257, 30 L.Ed 2d 427, 92 S.Ct. 495 (1971), the Supreme Court has recognized that plea bargain agreements must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. **United States v. Baldachino**, 762 F.2d 170 (1st Cir. 1985). "Prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." **United States v. Gomez-Orduno**, 235 F.3d 453 (9th Cir. 2000); also **United States v. Gastelum-Almeida**, 298 F.3d 1167 (9th Cir. 2002). Moreover, "Elements of an offense must be charged in the Indictment (or Superseding Indictment), submitted to a jury, and proven by the government beyond a reasonable doubt." **Jones v. United States**, 526 U.S. 227, 143 L.Ed 2d 311, 119 S.Ct. 1215 (1999).

The prosecutor further violated his own plea agreement by providing the U.S. Probation Office with "Additional Relevant Conduct Offense Information" (see paragraphs 80 through 95 of the PSR) which represents counts which were to be dismissed by the government; and counts which were **NOT** in the Superseding Indictment, resulting in an additional increase of **$ 53,938.00**, which was knowingly/added [but improperly] to the total volume of bank fraud and access device counts. The most noticeable of these "so-called" additional relevant conduct information is $4,114.00 in wire fraud charges (committed by Luu, an FBI informant) which Petititoner Martin **vehemently denied three (3) different times.** "An indictment must state all of the elements of the charged offense." **United States v. Bird**, 342 F.3d 1045 (9th Cir. 2003).

Furthermore, the prosecutor also violated his own plea agreement by NOT adhering to Rule 11 of the Federal Rules of Criminal Procedure. Instead of Martin receiving a lesser charge by agreeing to his plea agreement, he ended up with an imposed excessive sentence of 70 months, for the illegally-introduced count of Money Laundering extracted from the **superseded** Information, and **NOT** in the Superseding Indictment and proven guilty by a jury beyond a preponderance of the evidence. In **Kercheval v. United States**, 274 U.S. 220, 71 L.Ed 1009, 47 S.Ct. 582, the Supreme Court has recognized that "unfairly obtained" guilty pleas in federal courts ought to be vacated.

Last but not least, "The Ninth Circuit pointed out that the Constitution requires prosecutors to make certain impeachment information available to a defendant before trial. It decided that

this obligation entitles defendants to receive the same information before they enter into a plea agreement. The Ninth Circuit also decided that the Constitution prohibits defendants from waiver of their right to that information. And it held that the prosecutors' standard "fast track" plea agreement was unlawful because it insisted upon that waiver". **United States v. Ruiz**, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed 2d 586 (2002). In this instant case, the prosecutor failed to perform this particular obligation as mandated by the Supreme Court of the United States. He therefore violated his own plea agreement.

## II. PETITIONER'S REPLY/TRAVERSE TO MR. WEIGHT'S DECLARATION (6/29/07)

Petitioner Martin hereby incorporates his Ex-Parte Motion for Appointment of Counsel, Second Motion to Request Ruling on Appointment of Counsel, Motion 2255, Amendment to Motion 2255, Original Reply/Traverse to Government's Response to Motion 2255, records and files of the entire criminal and civil proceedings of this action, and the foregoing Section I argument into the following reply/traverse:

1. Mr. Michael Weight declared that he practiced law for approximately 40 years in the State of Hawaii, in criminal defense.

2. Untrue. Martin was represented by the Federal Public Defender Office from August 26, 2004 on, NOT September.

3. False. Martin was not familiar with the American legal system and court processes and procedures, since he was represented by Mr. Stephen Pingree, a tax defense lawyer, who handled everything for Martin. As far as phone calls to Mr. Weight "multiple times each day", it was definitely an invalid and deceitful statement.

4. False and deceitful statement from Mr. Weight.

5. The first sentence of this paragraph is a perjured statement. The 711-page government discovery was sent to the defendant in two batches at the FDC Honolulu. The defendant analyzed them upon receipt, in September 2004. When Mr. William Domingo came to the FDC to visit the defendant, he was informed of the result of the analysis, which indicates that the bulk of the government discovery contains Luu's fruits of crime. At one of the court hearings, Martin overheard Mr. Domingo telling Mr. William Shipley that the discovery was only "rubbish". Moreover, when Mr. Weight replaced Mr. Domingo and came to the FDC to visit the defendant for the first time, he told the defendant that he had to review the file. See Exhibit "F" (due to indigency and the high cost of photo copies, defendant cannot submit a myriad of papers herewith. If ordered, Martin will type up these hand-written analysis papers and submit them at a later date). Mr. Weight **did not** provide <u>**copies of those documents to the Defendant at FDC for him to review**</u> (quoting Mr. Weight's words). The second sentence is invalid and deceitful. The sixth sentence ("I also told him ..... and she would have to go to trial too.") is an implication of an intimidation, coersion and/or threat on the part of the prosecutor, and is definitely against the Law and Rule 11 of the Fed.R.Crim.P. To be valid, guilty plea must be knowingly, intelligently and voluntarily entered; defendant must be shown to understand nature of charges and **consequences of plea. Grabowski v. Jackson County Public Defenders Office**, 47 F.3d 1386 (5th Cir. 1995). See also **Santobello v. New York**, 404 U.S. 257, 30 L.Ed. 2d 427, 92 S.Ct. 495 (1971). In **United States v. Couto**, 311 F.3d 179 (2nd Cir. 2002), the court held that ineffective assistance of counsel may render a guilty plea involuntary, and hence invalid, which case law reflects the

Petitioner's instant case. Moreover, some form of coercion violates defendant's constitutional rights. See **Kercheval v. United States**, 274 U.S. 220, 71 L.Ed. 1009, 47 S.Ct. 582 (1927); **Parker v. North Carolina**, 397 U.S. 790, 25 L.Ed. 785, 90 S.Ct. 1458 (1970); **Brady v. United States**, 397 U.S. 742, 25 L.Ed. 747, 90 S.Ct. 1463 (1970). In **United States v. Jackson**, 390 U.S. 570, 20 L.Ed. 138, 88 S.Ct. 1209, the court said that due process forbids convicting a defendant on the basis of a coerced guilty plea. In **Kercheval**, the Supreme Court also said that on timely application it would vacate a plea of guilty shown to have been unfairly obtained (1927). In the case of the Petitioner's co-defendant, Anna Martin, a minority disadvantaged woman without a GED and any knowledge of the law and with a lieftime sickness (extraordinarily unstable diabetes type I), she was totally defenseless and yet, she was coerced by both her court-appointed attorney, Mr. Lane Takahashi and his interpreter, into pleading guilty to two counts which she **did not** commit. Her defense counsel and his interpreter told her that she had to plead guilty or else would face much more severe punishment. In an interview with the U.S. Probation Officer, Ms. Ellie Asasaki, co-defendant Anna Martin did tell her about the fact that she **did not do anything.** Petitioner Martin hereby declares under penalty of perjury that he and he alone committed the two (2) counts [$9,400 access device fraud and copyright infringement], certainly <u>**NOT** his wife Anna</u> Martin, as he already demonstrated by an earlier exhibit (letter to the Vice President and Security Manager of First Hawaiian Bank regarding fabrication of evidence in the government discovery). In **United States v. Hilton**, 218 F.3d 910 (8th Cir. 2000), the court held that Due Process requires that a defendant be tried only if he

(or she) is competent to assist in his (or her) defense. The co-defendant Anna Martin's Due Process Rights were severely violated, since the government implicated her in the Petitioner's offense. "Prosecution of citizen who is unaware of any wrongdoing for 'wholly passive conduct' violates due process." **Lambert v. California**, 355 U.S. 225, 2 L.Ed.2d 228, 78 S.Ct.240 (1957); **United States v. Layne**, 43 F.3d 127 (5th Cir. 1955). For the Government to punish a person because he (or she) had done what the law plainly allows him (or her) to do is a due process violation of the most basic sort. **United States v. Sanders**, 211 F.3d 711 (2nd Cir. 2000).

6. This paragraph is false and deceitful. Being a 40-year-experienced lawyer, Mr. Weight evidently showed such an incompetence in criminal law practice. Now is the time for him to come forward with excuses. He never sat down and went over with the Petitioner any documents, during the critical pretrial period. He never objected to any of the violations of the law by the prosecution. He did not seem to know any law, statutes, rules and law cases. He has shown his acquiescences in the government's unlawful prosecution, and therefore was prejudiced against the defendant in his legal duties. In **United States v. Morgan**, 449 U.S. 361, 66 L.Ed.2d 564, 101 S.Ct. 665 (1981), the Supreme Court held that "Reversal mandated if prejudice is proven on attorney-client relationship". Moreover, "Defendant's Sixth Amendment right to counsel includes the right to be represented by an attorney with undivided loyalty." **Lockhart v. Terhune**, 250 F.3d 1223 (9th Cir. 2001). See also **Cuyler v. Sullivan**, 446 U.S. 335, 348, 64 L.Ed.2d 333, 100 S.Ct.1708 (1980); **Washington Legal Found. v. Legal Found. of WA**, 271 F.3d 835 (9th Cir. 2001).

7. False and deceitful. Mr. Weight never consulted with the Defendant anything regarding the continuances of the Speedy Trial Act.

8. This statement is somewhat contradictory to the statement in paragraph (5). Again, Mr. Weight showed incompetence in his capacity as defense lawyer. He was too overwhelmed with 60 cases to understand the 711-page government discovery, which contains mostly Luu's fruits of crime. He also failed to understand the Superseding Indictment itself, which contains multiplicitous counts, which are illegal. **United States v. Reedy**, 304 F.3d 358 (5th Cir. 2002). In **United States v. Villarini**, 238 F.3d 530 (4th Cir. 2001), the court held that: (1) when multiple counts are alleged in an indictment, venue must be proper on each count, and (2) Burden is on the government to prove venue by a preponderance of the evidence. The prosecutor probably did not give the grand jury "proper instructions" as to the fact that he was charging the defendant two or even three counts for the same offense. A copy of the transcript of the Superseding Indictment hearing is hereby requested by the Petitioner, as mandated by the law.

9. Martin would never plead guilty to the wire fraud charges ( all Luu's) in the Superseding Indictment, for the third time in a row.

10. False and deceitful. And again, Mr. Weight showed his incompetence as a defense lawyer. He seemed to be in conspiracy with the prosecutor in the latter's vindictive prosecution. During the entire criminal proceeding of this case, Mr. Weight demonstrated his acquiescences in the government's false conviction. He raised no objections at all. The plea agreement, by Rule 11 of the Fed.R.

Crim.P., and other Rules and Statutes, Law Cases, contains all kinds of violations, which Mr. Weight knowingly ignored in favor of the government, such as:

   a) Counts 9 and 10 of the Information, which were not in the Superseding Indictment, and which was supposed to be superseded by the Superseding Indictment.
   b) Multiplicitous counts.
   c) Double counting.
   d) Unauthorized use of perjured testimonies (Luu and others).
   e) More severe charges instead of lesser charges.
   f) Unfair bargaining and ambiguous charges.
   g) Denied and Dismissed Counts were provided to the U.S. Probation Office to exasperate the offense level, creating a 4-level increase for the total loss volume and 2-level increase for sophisticated means (Luu's crime, **NOT** Petitioner).
   h) Intimidation and Coercion (paragraph 5 of the declaration)
   j) Others to be identified later.

11. Mr. Weight's use of **determined by the Court** further demonstrates that he was pro-government, the same language used by the prosecutor in his plea agreement, to circumvent the law. This definitely confirms his acquiescences in the Government's vindictive prosecution, impairing the interests of justice and the integrity of the U.S. Government.

12. False and deceitful. Mr. Weight failed, as defense counsel, to advise / Martin of the other alternative venue to appeal, and that is Motion 2255, claiming ineffective assistance of counsel. Since he was incompetent as a criminal defense lawyer, he chose to ignore it. **"Birds of the same feather flock together"** is found to be true in this instant case.

13. This paragraph confirms Mr. Weight's ineffective assistance of counsel, one more time. He should have known the case well, and raised timely objections during the pretrial period and at sentencing. He could have objected to the prosecutor's proffered argument without any evidence, except perjured testimony from Luu. He could have raised objections for NOT adhering to Rule 11. Mr. Weight

- 10 -

does not seem to know the sentencing guidelines too well either. He stated, towards the end of paragraph (13), that "the Defendant's sentence would have likely been 18 months longer than the 71 months imposed by the Court." The fact is only 16 months. Level 25 in the History III category dictates 70 to 87 months; and 87 months is 16 months more than 71 months, maximum ends of the guidlines range. Another error is that the court imposed 70 months, not 71 months as stated by Mr. Weight. Two levels mean 16 months additional imprisonment, and Mr. Weight is off by two levels.

## CONCLUSION

Based on the foregoing argument, statutes, rules and cases of law, Petitioner Martin urges this Honorable Court to grant him relief sought in his Motion 2255, and any other further relief deemed just and proper by the Court, for the interests of justice and fairness to the Petitioner.

DATED: Lompoc, California this  July 9th, 2007

Respectfully submitted,

Abraham Martin
Petitioner Pro Se