IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITES STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ABRAHAM NGUYEN MARTIN,<br><br>Defendant.<br>______________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV. NO. 06-00629 DAE LEK<br>CR. NO. 04-00322 DAE<br>CV. NO. 06-00632 DAE LEK<br>CR. NO. 05-00049 DAE |

ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE , SET ASIDE, OR CORRECT SENTENCE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion.

BACKGROUND

On August 25, 2004, the Government charged Defendant, Abraham Martin, with Wire Fraud, Bank Fraud, Aiding and Abetting, Access Device Fraud, Mail Theft, Conspiracy to Commit Copyright Infringement, Copyright Infringement, and Forfeiture, in a 27 Count indictment. On August 26, 2004, Defendant pled not guilty as to all counts. An 80 count superceding indictment was filed on March 9, 2005.

On March 18, 2005, pursuant to a written plea agreement, Defendant changed his plea to guilty, and admitted to 35 counts of the superseding 80 count indictment. (Gov's Resp. Ex. A.) On October 31, 2005, Defendant filed a statement of no objections to the Presentencing Report, which noted a total offense level of 21. Based on that offense level and a criminal history category of III, the sentencing guidelines recommend an imprisonment term of 46 to 57 months. On December 5, 2005, the Court found Defendant's offense level to be 23, which included a two level leadership role enhancement. The sentencing guidelines recommend an imprisonment term in the range of 57 to 71 months for an offense level of 23 and a criminal history category of III. The Court sentenced Defendant to 70 months.

Defendant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") based on the following grounds: ineffective assistance of counsel, and violations of the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 542 U.S. 220 (2005), and Brady v. Maryland, 373 U.S. 83 (1963), and the Fourth Amendment. On June 18, 2007, Defendant supplemented his motion by alleging a violation of the holding in Jencks v. United States, 353 U.S. 657 (1957). The Government filed its opposition on April 20,

2007, but did not file the declaration of Michael Weight, Defendant's former attorney, until July 2, 2007. Defendant filed replies on May 30, and July 11, 2007.

STANDARD OF REVIEW

This Court's review of Defendant's motion is provided for by statute as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The court shall hold an evidentiary hearing on a petitioner's § 2255 Motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." Id. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). An evidentiary hearing is not required if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). Mere conclusory

statements, without supporting evidence, are not sufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). The court has discretion to ascertain whether a claim is substantial before granting a full evidentiary hearing. Sanders v. United States, 373 U.S. 1, 18 (1963). This Court finds that an evidentiary hearing is not necessary.

## DISCUSSION

### I. Bar on Jencks, Brady, and Fourth Amendment Claims

Defendant seeks relief based on violations of the Fourth Amendment, and the holdings in Jencks and Brady, based on the search of his home, not being informed of his own past assistance to law enforcement, and continuances of his trial. The Government argues that Defendant may not collaterally attack his sentence based on these grounds, having pled guilty under the supervision of counsel.

In Tollet v. Henderson, the Supreme Court held that

> When a . . . defendant has solemnly admitted . . . that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the

> voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards . . .

411 U.S. 258, 267 (1973). Specifically, a "Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty . . . ." Haring v. Prosise, 462 U.S. 306, 321 (1983). This is because the claim is irrelevant to the constitutional validity of the conviction since the conviction is based upon factual guilt. Id.

Accordingly, Defendant is barred from basing his § 2255 Motion on alleged constitutional violations that preceded his guilty plea, since such claims are irrelevant to his factual guilt. Nevertheless, this Court notes that Defendant's Brady argument is meritless. Defendant asserts that the Government should have informed him of his previous assistance to the Government. Certainly, Defendant was in possession of information concerning his own previous assistance to the Government. Thus, even if this was Brady evidence, the Government was under no obligation to provide the defendant with evidence he already possesses. United States v. Brady, 67 F.3d 1421, 1428-29 (9th Cir. 1995). Likewise, Defendant's speedy trial act violation allegations are meritless as he did not move for dismissal prior to entering his guilty plea, and therefore waived this issue. United States v. Brickey, 289 F.3d 1144, 1150 (9th Cir. 2002) ("[f]ailure of the defendant to move

for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under [the Speedy Trial Act].").

II.     The Plea Agreement

Defendant argues that the Court erred by giving him a two level increase, thereby raising his total offense level to 23 and bringing him within a 57 to 71 month sentencing range. Defendant alleges that, based on Booker and Apprendi, the Court violated his Sixth Amendment rights because the factual basis for enhancing his sentence was not proven beyond a reasonable doubt by a jury. The Government argues that, pursuant to the Plea Agreement, Defendant is not entitled to make a § 2255 Motion on this basis.

Plea agreements fall within the scope of contract law. United States v. Clark, 218 F.3d 1092, 1095 (9th Cir. 2000). Courts will enforce the plain language of an unambiguous contract. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). However, two considerations must be recognized: first, Defendant's contractual rights are based on the constitution and reflect a broader concern than that of commercial contracts. Id. Second, these concerns encompass the "honor of government, public confidence in the fair administration of justice, and . . . [the] effective administration of justice in a federal [context] . . . ." Id. Furthermore, due to the unequal bargaining power between the parties, any contractual

ambiguity or lack of clarity must be construed against the drafter, usually, the Government. See Id.

Section 14(a) of the Plea Agreement states that "[t]he Defendant . . . waives his right to challenge his sentence or the manner in which it is determined in any collateral attack, . . . except . . . (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel." (Gov's Resp. Ex. A.) Section 14(b) of the Plea Agreement states that, "[i]f the court imposes a sentence greater than that specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack." (Gov's Resp. Ex. A.)

This Court finds that the Plea Agreement is unambiguous on its face. Defendant clearly waived his right to appeal any sentence that was within the specified guideline range determined to be applicable by the Court. Here, the Court determined that the sentencing guideline range applicable to Defendant was 57 to 71 months, and sentenced Defendant to 70 months. The fact that the probation office noted a different offense level with a sentencing guideline range of 46 to 57 months in the Presentence Report is irrelevant as the probation office is

not the Court and the probation office does not make the final determination of the applicable guideline range. As the sentence was within the guideline range determined by this Court to be applicable, Defendant waived his right to collaterally attack his sentence.

A. Apprendi and Booker

Even if Defendant had not waived his right to collateral attack, his Booker claim fails. A sentencing judge may rely on facts not found beyond a reasonable doubt by a jury, conduct not formally charged, or facts that are not an element of an offense, to determine an appropriate sentence. Booker, 542 U.S. at 251-52. Such facts need only be proven by a preponderance of the evidence. United States v. Clark, 452 F.3d 1082, 1085-86 (9th Cir. 2006). Only facts that increase the term of imprisonment beyond the statutory maximum need to be proven beyond a reasonable doubt and determined by a jury. See Apprendi, 530 U.S. at 490.

Here, notwithstanding any factual bases for Defendant's two level offense increase, the statutory maximum for Defendant's crime is 30-years. The Court sentenced Defendant to a total of 70 months in prison, substantially less than the 30-year statutory maximum. Therefore, the factual bases for the Court's two level increase need not be proven beyond a reasonable doubt. Apprendi, 530 U.S.

at 490. Under these circumstances, the Court is only required to find aggravating facts by a preponderance of the evidence. See Clark, 452 F.3d at 1085-86.

In the case at bar, the Court again finds, after carefully reviewing the Presentence Report and all the supporting documents, that the preponderance of the evidence places Defendant in a leadership role for the crimes to which he pled guilty. For example, this is not Defendant's first involvement with the law; he has a substantial criminal history and he committed the crime in the case at bar shortly after being released from jail. Further, even though Defendant was not the only one involved with these crimes, it is he who executed the scheme by flying to the mainland, opening multiple bank accounts in California, Alabama, and Texas, and depositing stolen access device checks. Defendant was also conducting an illegal video dubbing operation in his house.

Therefore, Defendant's § 2255 Motion cannot be granted based on the grounds set forth by the Supreme Court in Booker.

III.     Ineffective Assistance of Counsel

Defendant alleges ineffective assistance of counsel based on eight grounds: (1) defense counsel Michael Weight ("Weight") failed to object to trial continuances, (2) object to the Government's discovery, (3) request discovery on

Hung Chi Luu, (4) file various defense motions, (5) advise Defendant of his right to appeal, (6) advise Defendant with regard to court documents, (7) demand fair bargaining, and (8) devote time to the case.

For Defendant to succeed on any of these grounds he must show: (1) that Weight was so deficient that it violated his Sixth Amendment rights, and (2) that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The standard for evaluating an attorney is whether the attorney provided reasonably effective assistance. Id. This is measured by whether the attorney's conduct fell "within the range of competence demanded of attorneys in criminal cases." Id. There is "[a] strong presumption that counsel's conduct falls within that range . . . ." Id. at 689. For example, even showing that an attorney's error resulted in the omission of evidence will not suffice to sustain a defendant's claim. Id. at 694. A defendant must show that, but for an unprofessional error, it is reasonably probable that the result of the proceeding would have been different. Id.

A. Weight's Failure to Object to Trial Postponements

18 U.S.C. § 3161 states that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment . . . ." 18

U.S.C. § 3161 (c)(1). However, delays resulting from other charges against Defendant toll the trial commencement date. 18 U.S.C. § 3161 (h)(1)(D). Likewise, continuances have the same effect. 18 U.S.C. § 3161 (h)(8)(A).

Defendant argues, pursuant to United States v. Cook, that an attorney who fails to raise an issue that is a "dead-bang winner" has provided ineffective assistance of counsel. 45 F.3d 388, 396 (11th Cir. 1995). Defendant, however, fails to clarify what constitutes a "dead-bang winner." Even though the Sixth Amendment insures that a criminal defendant will have a fair trial, it does not insure that his counsel will recognize or raise every imaginable issue as a defense. Engle v. Isaac, 456 U.S. 107, 134 (1982). Further, an attorney's decision to waive an issue that is likely to fail is more indicative of competence than incompetence. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).

Here, the Court delayed Defendant's original trial date based on two continuances and a superceding 80 count indictment, which is permissible under 18 U.S. C. § 3161. Had Weight objected to the postponements, he would have likely failed because they were permissible under § 3161. Furthermore, Defendant pled guilty to the Superceding Indictment less than ten days after its filing. Accordingly, Weight was not deficient.

Furthermore, Defendant cannot prove prejudice because he pled guilty after the continuances had been granted. Defendant never formally objected to the continuances prior to his guilty plea, and Defendant has not argued that he would not have pled guilty had the continuances been denied. See Brickey, 289 F.3d at 1150 (failure to seek dismissal before pleading guilty acts as a waiver of the right to dismissal under the Speedy Trial Act). Therefore, Defendant's ineffective assistance of counsel claim based on this ground fails.

B.   Weight's Failure to Object to the Government's Discovery

Defendant's argument is construed as requesting a face-to-face encounter with Hung Chi Luu. Mr. Luu is a coconspirator and allegedly acted as a government informant to provide information on Defendant.

"The Sixth Amendment . . . guarantees the right of an accused in a criminal case to be confronted with the witnesses against him." Plascencia v. Alameida, 467 F.3d 1190, 1202 (9th Cir. 2006) (quoting Davis v. Alaska, 415 U.S. 308, 315 (1974)). This is based on the need to ensure reliable evidence by subjecting the witness to scrutiny before the trier of fact. Maryland v. Craig, 497 U.S. 836, 843 (1990). The objective is to compel witnesses to stand before a jury, so that the jury can evaluate their demeanor. Id. A face-to-face confrontation will

enhance the reliability of evidence. Id. at 846. However, such an encounter is not required, nor is it an indispensable right of the Sixth Amendment. Id. at 847.

Defendant's argument, however, that Weight was ineffective for failing to object to the Government's discovery fails. Here, there was no need to confront the witness, Mr. Luu, because Defendant pled guilty to facts, which he alleges were acquired from the witness. To grant permission to confront Mr. Luu would be to allow Defendant to litigate the facts before the Court, after having pled guilty to the counts for which he was charged; Defendant cannot have it both ways.

This Court, therefore, finds that Defendant's claim lacks merit and does not warrant a determination of ineffective assistance of counsel based on this ground.

C.   Weight's Alleged Failure to Request Discovery on Luu.

In order for Defendant to succeed based on this ground, proof beyond mere unsupported allegations must be shown. See Neighbors v. United States, 457 F.2d 795, 795 (9th Cir. 1972). Here, Defendant did not object to the Presentence Report or the Plea Agreement, both of which were based on statements made by Luu. Further, Defendant does not explain why Weight's failure to request discovery on Luu prejudiced his defense. Defendant merely makes conclusory

allegations that Luu is a liar, without citing any facts or describing how discovery on Luu would have benefitted his case or why Luu would have lied. Therefore, Defendant's claim based on this ground lacks merit and is denied.

D. Weight's Alleged Failure to File Various Defense Motions

The Supreme Court held that the Sixth Amendment does not guarantee that counsel will raise every conceivable issue as a defense. Engle, 456 U.S. at 134. Defendant tries to explain why failing to make various defense motions, and specifically, a motion to suppress, warrants his ineffective assistance of counsel claim. Defendant's arguments fail.

First, Defendant alleges that Magistrate Judge Kevin Chang issued a search warrant for his home based on erroneous information and was therefore invalid. Defendant fails to clarify, however, what information was erroneous and why. Defendant merely resorts to conclusory allegations while citing no factual basis for his claim. Furthermore, Weight has stated that he told Defendant that a motion to suppress would likely fail, and that in making such a motion he would not receive credit for accepting responsibility, and that the Government would withdraw from plea negotiations with him and his wife Anna Martin. (Gov's Resp. Ex. E. 4.)

Second, Defendant claims that if Weight had made the motion to suppress, the Government would not have been able to charge him with Count 10, Copyright Infringement, thus reducing his sentence. Defendant's second argument fails because he does not establish how, why or, even if, a motion to suppress would succeed. Further, Weight claims that he offered to file a motion to suppress, but that after Weight informed Defendant of the consequences and unlikelihood of success, Defendant chose not go forward on his own volition. (Gov's Resp. Ex. E. 4, 5.) Finally, the statutory maximum for Count 10 is five years, far less than the 30-year maximum for the majority of the other counts. Accordingly, Defendant cannot show that he was prejudiced by being charged with Count 10. Therefore, Defendant's claim lacks merit

E. Weight's Alleged Failure to Advise Defendant of His Right to Appeal

Defendant's argument fails based on this ground for three reasons. First, prior to sentencing, Defendant waived his right to appeal in Section 14(a) and 14(b) of the Plea Agreement, which he presumably read. (Gov's Resp. Ex. A.) Second, based on his declaration, Weight informed Defendant of his right to appeal while going over the Plea Agreement. (Gov's Resp. Ex. E. 6) Third, even if Weight did not advise Defendant of his right to Appeal, based on the sentencing transcript, this Court informed Defendant of his rights pursuant to the Plea

Agreement. (Gov's Resp. Ex. D. 20-21.) Therefore, whether Weight failed to inform Defendant of his right to appeal is inconsequential as Defendant was so informed through the Plea Agreement and by this Court and therefore, was not prejudiced.

F. Weight's Alleged Failure to Consult with Defendant Regarding Court Documents

Weight has provided a declaration establishing that he did provide Defendant with various discovery and court documents and he did meet with him in person and discussed issues over the phone. Nevertheless, Defendant's motion is devoid of any facts as to what he was not provided with and how it prejudiced him. Accordingly, Defendant's motion based on this ground is denied.

G. Weight's Alleged Failure to Demand More Bargaining Time and Adherence to Rules Governing Fair Bargaining

Defendant's argument is unclear and again devoid of supporting facts. Defendant does not allege which rules the Government failed to comply with when negotiating the Plea Agreement. Neither does Defendant allege that he was rushed into signing the agreement, that he did not understand it, or that he would not have pled guilty if he had more time. Therefore, Defendant's argument fails.

H. Weight's Alleged Failure to Adequately Communicate with Defendant

Mr. Weight stated that he initially spoke by telephone with Defendant numerous times a day, and later limited Defendant to one phone call per day so that Weight could prepare an adequate defense for Defendant and for his other clients. Even if such conduct could be construed to be deficient, Defendant has not alleged any facts that could establish that he was prejudiced by being so limited to one phone call a day. Accordingly, Defendant's motion on this basis is denied.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 16, 2007.




David Alan Ezra
United States District Judge

United States v. Martin, CV NO. 06-00629 DAE LEK, CR. NO. 04-00322 DAE, CV. NO. 06-00632 DAE LEK, CR. NO. 05-00049 DAE; ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE , SET ASIDE, OR CORRECT SENTENCE