IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CV. NO. 06-00629 DAE-LEK |
| ) | CR. NO. 04-00322 DAE |
| Respondent-Appellee.   ) | CV. NO. 06-00632 DAE-LEK |
| ) | CR. NO. 05-00049 DAE |
| vs.   ) | |
| ) | |
| ABRAHAM NGUYEN MARTIN,   ) | |
| ) | |
| Petitioner-Appellant.   ) | |
| _____ ) | |

ORDER DENYING PETITIONER ABRAHAM NGUYEN MARTIN'S
CERTIFICATE OF APPEALABILITY WITHOUT PREJUDICE AND
DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Petitioner's motion and the supporting memoranda, the Court DENIES Petitioner's certificate of appealability without prejudice and DENIES as moot Petitioner's Motion to Proceed in Forma Pauperis.

BACKGROUND

On August 25, 2004, Petitioner Abraham Martin was indicted for bank fraud, access device fraud, money laundering, and copyright infringement.  Petitioner was sentenced to a term of imprisonment of 70 months.  After appealing

the judgement to the Ninth Circuit, on August 24, 2006, the Ninth Circuit affirmed the conviction and sentence.

On November 24, 2006, Petitioner filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 motion") based on claims of excessive sentence, ineffective assistance of counsel, unconstitutional search and seizure, failure to disclose defendant's favorable evidence and assistance to the government, denial of a speedy trial, and no bargaining time given.  On July 16, 2007, the Court denied the 2255 Motion.

On August 28, 2007, Petitioner filed a Notice of Appeal ("Notice") from the order denying his Motion.  The Court construes Petitioner's Notice to Appeal the § 2255 motion as a Request for Certificate of Appealability ("COA").  Also on August 28, 2007, Petitioner filed a Motion to Proceed in Forma Pauperis concerning the Appeal.

STANDARD OF REVIEW

A petitioner must specifically request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA.  See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)).  "If no express request is made for a certificate of

appealability, the notice of appeal shall be deemed to constitute a request for a certificate." United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). Upon filing a notice of appeal, a district judge who renders the judgment must issue a COA or state why such a certificate should not issue. See Fed. R. App. P. 22(b)(1).

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The COA shall indicate which specific issues satisfy that "relatively low" standard. See 28 U.S.C. § 2253(c)(3); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002). The standard is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'" Jennings, 290 F.3d at 1010 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

DISCUSSION

Generally, a petitioner must specifically request a COA as to each issue that he or she wishes to appeal. See Hiivala, 195 F.3d at 1103. Although a court shall construe a notice of appeal as a COA where no such request is made,

Asrar, 116 F.3d at 1270 the Court requires some indication of the issues that Petitioner seeks to appeal. Here, Petitioner has not specified any issue(s) for appeal or any reasons for the appeal. At the very least, if the issues were clear, the Court could review its order denying the 2255 Motion for a "substantial showing of the denial of a constitutional right," even without any underlying argument. 28 U.S.C. § 2253(c)(2). Without either a specific request to review any particular issue(s) or any argument concerning the issue(s), the Court cannot determine whether Petitioner has meritorious issues for appeal. Consequently, the Court DENIES Petitioner's COA. Petitioner has an opportunity to re-file a COA, specifying the issue(s) that he seeks to appeal and the arguments that he wishes to make in support of his appeal to demonstrate a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). The Court DENIES as moot Petitioner's Motion to Proceed in Forma Pauperis.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Certificate of Appealability without prejudice based on lack of supporting argument, and DENIES as moot request to Proceed in Forma Pauperis.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 6, 2007.



_____
David Alan Ezra
United States District Judge

United States of America v. Abraham Nguyen Martin, Cv. No. 06-00629 DAE-LEK, Cr. No. 04-00322 DAE, Cv. No. 06-00632 DAE-LEK, Cr. No. 05-00049 DAE; ORDER DENYING PETITIONER ABRAHAM NGUYEN MARTIN'S CERTIFICATE OF APPEALABILITY WITHOUT PREJUDICE AND DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS