IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CV. NO. 06-00629 DAE-LEK |
| ) | CR. NO. 04-00322 DAE |
| Respondent-Appellee, ) | CV. NO. 06-00632 DAE-LEK |
| ) | CR. NO. 05-00049 DAE |
| vs. ) | |
| ) | |
| ABRAHAM NGUYEN MARTIN, ) | |
| ) | |
| Petitioner-Appellant. ) | |
| _____ ) | |

ORDER DENYING PETITIONER'S REQUEST
FOR CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Request for Certificate of Appealability.

BACKGROUND

On August 25, 2004, Petitioner Abraham Martin ("Petitioner") was initially indicted with wire fraud, bank fraud, aiding and abetting, access device fraud, mail theft, conspiracy to commit copyright infringement, and copyright infringement. On March 9, 2005, an 80-count Superseding Indictment was returned, charging Petitioner with conspiracy, wire fraud, mail fraud, bank fraud,

access to device fraud, mail theft, and copyright infringement.  Pursuant to the Plea Agreement entered on March 18, 2005, Petitioner pled guilty to Counts 9, 11, 12, 13, 16, 17, 20, 22, 27, 29, 30, 32, 34, 38, 40, 42, 44, 46, 48, 49, 50, 53, 54, 56, 57, 58, 59, 63, 68, 69, 71, 72, 75, 76, and 77 of the Superseding Indictment and Counts 9 and 10 of the Information.  In exchange for Petitioner's guilty pleas, the government agreed to dismiss the remaining counts in the Superseding Indictment and Information after Petitioner's sentencing.  Petitioner was sentenced on December 5, 2005, to 70 months of imprisonment.  On August 24, 2006, the Ninth Circuit affirmed Petitioner's conviction and sentence upon Petitioner's appeal.

On November 24, 2006, Petitioner, Pro Se, filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence based on claims of excessive sentence, ineffective assistance of counsel, unconstitutional search and seizure, failure to disclose favorable evidence, and defendant's assistance to the government, denial of a speedy trial, and no bargaining time given with respect to the Plea Agreement ("§ 2255 Motion").  On July 16, 2007, this Court denied Petitioner's § 2255 Motion.

On August 28, 2007, Petitioner, Pro Se, filed a Notice of Appeal from the order denying his § 2255 Motion, which this Court construed as a Request for a Certificate of Appealability ("COA").  This Court denied Petitioner's COA without

prejudice based on a lack of supporting argument. This Court gave Petitioner an opportunity to re-file a COA, requesting Petitioner to specify the issues that he seeks to appeal, and the arguments that he wished to make in support of his appeal.

On September 20, 2007, Petitioner, Pro Se, filed a Motion for COA. On September 24, 2007, Petitioner filed a Supplement to Motion for COA. In Petitioner's instant motion, Petitioner claims that the sentence imposed upon him is in violation of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and that "he has been facing a vindictive prosecution, an incompetent and betraying defense counsel, and a biased district court." Petitioner alleges that he was threatened by the prosecutor with a retaliatory 80-count Superseding Indictment, which included 23 counts of alleged "double-counting." In addition, Petitioner contends that he was forced to sign the Plea Agreement without any lawful plea bargaining by his defense counsel. As a result, Petitioner alleges that he suffered two sentences, as well as "multiplicity, duplicity of counts, and double-counting." Petitioner further alleges that the prosecutor concealed evidence favorable to Petitioner's defense, conspired with Petitioner's defense counsel to prevent Petitioner from exercising his constitutional right to plead not guilty three times, and entrapped and coerced Petitioner into pleading guilty pursuant to the Plea Agreement.

3

Petitioner claims that this Court was prejudicial because this Court did not raise any questions regarding the prosecutor's "vindictiveness and unjudicial conviction." Furthermore, Petitioner alleges that this Court is repulsive to the truth, appeared to favor the government in the entire criminal and civil proceedings, and engaged in too many assumptions and presumptions regarding the extensive nature of the offenses.

In Petitioner's supplement to this instant motion, Petitioner requests that his sentence be mitigated pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1), and under the Federal Rules of Civil Procedure 60(b)(6) ("Rule 60") for extraordinary circumstances. Petitioner alleges that he was entrapped by his co-defendant Luu into committing the instant offenses. Petitioner also claims that he is 64 years old, suffers from injuries sustained in three car accidents, is a family man, a model inmate, and was a professional before his incarceration. In addition, Petitioner asserts that his sick wife needs his care and support. Petitioner further alleges that his defense counsel was incompetent, disloyal, and did nothing for Petitioner's defense, conspired in the government's vindictive and evil prosecution against Petitioner, and betrayed Petitioner in the end.

## STANDARD OF REVIEW

Upon the filing of a certificate of appealability ("COA"), the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)). A petitioner specifically must request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA. See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)). To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). The "substantial showing" requirement for a COA is "relatively low." Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002). The requirement is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'" Id. (citation omitted); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000). The court must resolve doubts about the propriety of a COA in the petitioner's favor. Jennings, 290 F.3d at 1010.

## DISCUSSION

In this instant motion, Petitioner has basically raised three issues. Petitioner raises impermissible double-counting and extraordinary circumstances arguments, which he claims warrant a reduction of his 70-month imprisonment pursuant to §§ 3582(a) and 3553(a)(1), and under Rule 60. Petitioner also raises ineffective assistance of counsel.

A.   Double-Counting

Although unclear, it appears that Petitioner claims that he suffered two sentences as a result of double-counting for the same alleged conduct. "[D]ouble counting occurs when identical conduct is described in two different ways so that two different [sentencing] adjustments apply." United States v. Haines, 32 F.3d 290, 293 (7th Cir. 1994). "[I]mpermissible double counting occurs if a guideline provision is used to increase punishment on account of a kind of harm already fully accounted for, though not when the same course of conduct results in two different types of harm or wrongs at two different times." United States v. Calozza, 125 F.3d 687, 691 (9th Cir. 1997).

Petitioner alleges that he was threatened by the prosecutor with a retaliatory 80-count Superseding Indictment, 23 counts of which he alleges were impermissible double-counting. Petitioner, however, has failed to specify which

counts of the 80-count Indictment were impermissibly double-counted against him, and which counts allegedly caused him to suffer two sentences as a result of the alleged double-counting.  Petitioner essentially has made conclusory remarks without any valid arguments or supporting facts.  Petitioner has failed to show which of the alleged 23 counts were double-counted against him, suggesting that he was essentially punished twice for the same offense.  Notwithstanding Petitioner's failure, paragraphs 78 and 79 of the Presentence Investigation Report demonstrate that each count to which Petitioner pled guilty was based on a separate transaction and separate conduct.  For example, Petitioner engaged in transactions that involved different dates, with different financial institutions, and for different monetary amounts.  (Presentence Investigation Rpt. at 22-26 ¶¶ 78-79.) Accordingly, as Petitioner was not punished twice for the same conduct, there was no double-counting in his sentence.

Petitioner has also failed to show that the prosecution was prejudicial and vindictive against him.  Petitioner only makes mere accusations and gripes. Petitioner has not brought forth supporting arguments to his claims that the prosecution concealed evidence favorable to his defense, in addition to the alleged conspiracy theory which involved his defense counsel.  Similarly, Petitioner has failed to demonstrate that this Court was biased towards the government, or has

committed clear error in imposing his sentence. For these reasons, Petitioner's request for a COA fails.

B.    Mitigation Pursuant to Sections 3582 and 3353

Petitioner next argues that his sentence should be mitigated pursuant to section 3582. Section 3582 provides that a court shall "consider the factors set forth in section 3553(a) to the extent that they are applicable" to determine whether "imprisonment is not an appropriate means of promoting correction or rehabilitation." 18 U.S.C. § 3582(a). Petitioner contends that his sentence warrants a reduction pursuant to section 3553, which provides that the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, paragraph (2) sets forth the following factors to be considered:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A-D); see also United States v. Booker, 543 U.S. 220, 222 (2005).

Petitioner alleges that he was entrapped by his co-defendant Luu into committing the instant offenses. Petitioner appears to claim that Luu introduced FBI special agent Sam Mum to Petitioner around June 2002, and Mum requested that Petitioner assist him in retrieving a "secret file" stolen in Waimea Beach earlier that year. Petitioner alleges that Luu told him he was "protected by the FBI just like Luu." (Pet.'s Supplement Mot. for COA at 2.)

In addition, Petitioner argues that his sentence should be reduced because he is now 64 years old and has been suffering from injuries sustained in three car accidents in 2002 and 2003, he is a family man, a religious person who provides assistance to the disadvantaged minority groups, and a professional in construction and home consulting. (Id. at 2-3.) Furthermore, Petitioner asserts that he has been a model inmate since his detainment at the Federal Detention Center, assisting other inmates while he was there, and he continues to assist any inmate who requests his assistance at the Bureau of Prisons where he is currently incarcerated. Id.

Even though Petitioner paints a rosy picture of himself, his Presentence Investigation Report demonstrates the gravity of his offenses, such

that even if these alleged mitigating factors existed, they are not a basis for a reduction of his sentence. For example, there are no mitigating factors identified in the Presentence Investigation Report. On the other hand, aggravating factors demonstrate the extent and seriousness of his offenses. In particular, Petitioner's commission of the instant offenses occurred less than two years after his release from confinement on a federal tax conviction, which suggests that he did not benefit from his prior confinement, and therefore, poses a risk of recidivism. (Presentence Investigation Rpt. at 6R-7R.) In addition, Petitioner's current steadfast assertion that he was entrapped into committing the crime by his co-defendant Luu demonstrates that he does not accept responsibility for his crimes. Id. Finally, Petitioner's criminal activity was extensive, spanning a period between late 2001 to February 2003, and wreaked financial havoc on the lives of innocent people. Id. Accordingly, this Court denies Petitioner's request for mitigation, based on the seriousness and extensiveness of his offenses, his denial of responsibility for his crimes, and his risk of recidivism.

C.    Mitigation under Rule 60 Extraordinary Circumstances

Petitioner further claims that extraordinary family circumstances warrant a sentence below the advisory guideline range under Rule 60, which provides that the court may "grant relief from judgment for any other reason

justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). According to the United States Sentencing Guidelines ("U.S.S.G."), however, departure for family circumstances is a discouraged factor and is only proper in "exceptional" cases. See U.S.S.G. § 5h1.6; U.S.S.G., ch. 5, pt. H, introductory cmt; U.S.S.G. § 5K2.0, policy stmt; Koon v. United States, 518 U.S. 81, 96 (1996) (noting that a district court should depart based on a discouraged factor only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present) (internal quotation marks and citation omitted). In addition, U.S.S.G. § 5H1.6 provides guidance by requiring the presence of four circumstances before a determination of extraordinariness may be made:

> (i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
> (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.
> (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative

>       programs are available, making the defendant's
>       caretaking or financial support irreplaceable to the
>       defendant's family.
>       (iv) The departure effectively will address the loss
>       of caretaking or financial support.

U.S.S.G. § 5H1.6, cmt. 1 pt. (B).

Petitioner prays that this Court will reduce his 70-month imprisonment in order to take care of his sick wife Anna, who allegedly suffers from diabetes type I, and who allegedly has no one to care for her, especially at night. Petitioner asserts that his wife almost died while she was incarcerated, and has suffered severe damages due to her incarceration. Petitioner alleges that his wife has been diagnosed with a kidney infection and as a consequence, her health has been failing. Petitioner cites <u>United States v. Husein</u>, 478 F.3d 318 (6th Cir. 2007) in support of this instant motion.

In <u>Husein</u>, the court affirmed the district court's noncustodial sentence of three years of supervised release, which included an initial term of 270 months home confinement, and a one-day term of custodial imprisonment based on the defendant's "irreplaceability" to her family, especially to her invalid father. <u>Husein</u>, 478 F.3d at 322-23. The defendant in <u>Husein</u> alleged that her father was totally incapacitated due to the effects of several strokes he suffered and needed

12

around-the-clock care, which she provided to him, in addition to financial and moral support to her three younger siblings.  Id.

Petitioner's circumstances, however, are distinguishable from the defendant in Husein because Husein, unlike Petitioner, was responsible for her father's physical and medical care and for fifty percent of the financial support to the family prior to her confinement.  In addition, the defendant in Husein was the only member of the family with a valid driver's license and was responsible for performing all the functions that require an automobile, including transporting her siblings to and from school.  Unlike the defendant's father in Husein, Petitioner's wife allegedly has been and is continually receiving ongoing medical care, and financial assistance from her two grown children.  Petitioner has not demonstrated that his wife's situation requires his constant care and support at all times. Petitioner has two adult children who allegedly work to support the family and help pay the bills, which suggests that Petitioner's wife presently has the necessary assistance.  Therefore, it appears that Petitioner's incarceration has not caused substantial hardship, specific loss of essential caretaking, or loss of essential financial support to his wife.  Furthermore, this is the sort of hardship that family members ordinarily suffer incident to a family member's incarceration.  Petitioner has not provided evidence that his incarceration has caused extraordinary hardship

13

and suffering, and therefore makes him "irreplaceable" to his wife for her continual care and support.  Accordingly, this Court DENIES Petitioner's request for a COA on these grounds.

D.     Ineffective Assistance of Counsel

Petitioner alleges that his defense counsel "was too overwhelmed with 60 cases to render any effective assistance at all," his defense counsel "conspired with the prosecution to coerce Petitioner into pleading guilty to a totally unconstitutional Plea Agreement," and his defense counsel is a "traitor."  (Pet.'s Mot. for COA at 5.)  Petitioner has essentially raised the same arguments here as in his § 2255 Motion.  Petitioner's claim fails for the reasons set forth in this Court's order denying Petitioner's § 2255 Motion.  Here, Petitioner again has failed to provide any factual arguments to establish that his defense counsel conspired with the prosecution in allegedly forcing Petitioner to consent to an alleged unconstitutional Plea Agreement.

Petitioner further contends that his defense counsel was ineffective for failing to raise mitigation issues at sentencing.  This claim is meritless.  As set forth above, Petitioner's mitigation claims do not warrant a downward adjustment.  Thus, even if Petitioner's defense counsel had failed to raise mitigating factors,

14

Petitioner's sentence would not have been adjusted. This Court therefore DENIES Petitioner's ineffective assistance of counsel claim.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Request for Certificate of Appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 11, 2007.



David Alan Ezra
United States District Judge

United States vs. Martin, Civil No. 06-00629 DAE LEK; Criminal No. 04-00322 DAE; Civil No. 06-00632 DAE LEK; Criminal No. 05-00049 DAE; ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY