ORIGINAL

ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

IN PRO SE APPELLANT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 28 2007

at __ o'clock and ___ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABRAHAM NGUYEN MARTIN, | ) CV. NO. 06-00629 DAE-LEK |
| | ) CR. NO. 04-00322 DAE |
| Defendant-Appellant, | ) CV. NO. 06-00632 DAE-LEK |
| | ) CR. NO. 05-00049 DAE |
| vs. | ) **NINTH CIRCUIT NO. 07-16756** |
| | ) |
| UNITED STATES OF AMERICA, | ) MOTION FOR CLARIFICATION AND |
| | ) CORRECTION OF RESTITUTION ORDER; |
| Plaintiff-Appellee. | ) DECLARATION OF ABRAHAM MARTIN; |
| | ) CERTIFICATE OF SERVICE |
| | ) |

## MOTION FOR CLARIFICATION AND CORRECTION OF RESTITUTION ORDER

COMES NOW, Abraham Nguyen Martin, hereinafter "Martin",
defendant-appellant in propria persona, and submits to this Hono-
rable Court his Motion for Clarification and Correction of the
Restitution Order as imposed on Anna Martin, co-defendant on
October 24, 2005 and Abraham Martin, defendant on December 5, 2005.

This motion is based on the files and records herein,
and predicated on Rule 60(b) of the Federal Rules of Civil Proce-
dure with regard to Mistakes; Excusable Neglect; Newly Discovered
Evidence; Fraud, Etc. ...

## MOTION FOR CLARIFICATION AND CORRECTION OF RESTITUTION ORDER

### A. BACKGROUND

On October 24, 2005, Co-Defendant (02) Anna Martin, being innocent but implicated in the defendant's crime, was sentenced to the maximum end of level 12, or 16-month imprisonment. She was charged with two counts of the "Information", $9,400 access device fraud and copyright infringement, which offenses were committed by her husband. The court also imposed a criminal monetary penalties of $16,455.62 (Chase Manhattan Bank) and $13,290 (Tai Seng Video $4,620 and Asia View Entertainment $8,670) as her restitution order. The court further specified that the amount of $13,290 is held jointly with Abraham Martin, defendant.

On December 5, 2005, Defendant (01) Abraham Martin was sentenced to 70-month imprisonment, based on level 23, an increase of 2-level-enhancement for leadership role as determined by Judge David Alan Ezra alone, not admitted by defendant or found guilty by a grand jury beyond a reasonable doubt. The court issued two sentences for two charging documents (Superseding Indictment, Cr. No. 04-00322 (01) DAE and Information, Cr. 05-00049 (01) DAE). The court also imposed, from the Superseding Indictment, criminal monetary penalties of $5,324.63 (Hawaii National Bank), $2,079.66 (D.M., Jr.), $16,455.62 (Chase Manhattan Bank, which is the same as imposed on co-defendant Anna), or a total of $23,859.91. From the Information, or the second sentence, criminal monetary penalties imposed are $4,620 (Tai seng Video) and $8,670 (Asia View Entertainment), which are identital to Anna's, or a total of $13,290 to be held jointly with the co-defendant.

- 2 -

## B.    RULE 60(b) FEDERAL RULES OF CIVIL PROCEDURE

Rule 60(b) states, inter alia, that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Reasons 1, 2 and 3 appear to be applicable to the restitution issue in this motion. It is clear that both Abraham and Anna were charged with the same counts or the same offense. First of all, the two checks, identiable in the PSR as count 44 and 46 on page 23, are $9,400.00 (Chase Manhattan Bank, government discovery page 000000607, also identified as count 7 in the Information) and $7,055.63 (Sears National Bank, government discovery page 000000-609, also identified as count 6 in the Information). The sum of these two checks is $16,455.63 (not $16,455.62, one penny less) and both checks are certainly **not** from Chase Manhattan Bank. Therefore, the victim Chase Manhanttan Bank claim should have been only $9,400, certainly **not** $16,455.62 (the second check is from Sears National Bank) A mistake is made in this regard.

Secondly, the amount of $16,455.62 is **double-counting**, in both Anna's and Abraham's restitution order. It is therefore illegal and requires reversal. "Improperly ordered restitution constitutes an illegal sentence amounting to plain error. **United States v. Tran**, 234 F.3d 798 (2nd Cir. 2000); **United States v. Thompson**, 113 F.3d 459 (2nd Cir. 1997). Moreover, order to pay restitution beyond that authorized by statute is a plain error of law. See **United States v. Ramirez**, 196 F.3d 895 (8th Cir. 1999); **United States v. Bok** 156 F.3d 157 (2nd Cir. 1998). It is interesting to note that these two particular checks are **double-counting** in the Superseding Indictment (specifically counts **44-45** and **46-47**), become **triple-counting** in the Information (specifically count 7 and count 5) and **quadruple-counting** in Anna's conviction (count 7 and count 5 of the Information). **Double-counting** violates Eightth and Fourteenth Amendments. See **United States v. Haines**, 32 F.3d 259 (7th Cir. 1994); **Collins v. Lockhart**, 754 F.2d 259 (8th Cir. 1985).

Thirdly, Martin has shown abundantly in his Motion 2255 that the government fabricated evidence to harm Anna Martin, co-defendant. See Exhibit "D" attached to Martin's Reply/Traverse to the Government's Response to Motion 2255. Anna did not commit the access device fraud of $9,400, Abraham did. Moreover, there is only one check and one deposit was made. To be fair and just, Anna must be acquitted, now that fraud and misconduct of the government has been exposed, pursuant to Rule 60(b)(3).

Fourthly, the amount of $13,290 from Tai Seng and Asia View is illegal, because (1) the number of VHS tapes is made up by the government; (2) Tai Seng and Asia View sold the VHS tapes

- 4 -

to Tan Tien Video at $1.50 per tape, for the second tape on and they were well aware and allowed Tan Tien Video to duplicate the tapes for rent; (3) these companies never lost any money due to bootleg tapes by Tan Tien Video; and (4) the counsel for these companies never demanded any loss. See Exhibit "E" attached to Martin's Reply/Traverse to the Government's Response to Motion 2255.

### CONCLUSION

Based on the above reasons, Martin moves this Court to dismiss the restitution order as to the amount of $16,455.62 and $13,290.00 in both Anna's and Abraham's Judgment in a Criminal Case, for the interests of justice and fairness in the court system. In the alternative, clarification and supporting evidence from the involved victims will be provided to Martin and proper and just correction will be made to the restitution order.

DATED: Lompoc, California this December 21, 2007

_____
Abraham Martin
Pro Se Appellant