IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 06-00629 DAE-LEK |
| | ) | CR. NO. 04-00322 DAE |
| Respondent-Appellee, | ) | CV. NO. 06-00632 DAE-LEK |
| | ) | CR. NO. 05-00049 DAE |
| vs. | ) | |
| | ) | |
| ABRAHAM NGUYEN MARTIN, | ) | |
| | ) | |
| Petitioner-Appellant. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S REQUEST
FOR RECONSIDERATION OF THE DENIAL OF THE CERTIFICATE OF
APPEALABILITY

          Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's motion and the

supporting memoranda, the Court DENIES Petitioner's Request for

Reconsideration of the Denial of the Certificate of Appealability.

BACKGROUND

          On August 25, 2004, Petitioner Abraham Martin ("Petitioner") was

initially indicted with wire fraud, bank fraud, aiding and abetting, access device

fraud, mail theft, conspiracy to commit copyright infringement, and copyright

infringement.  On March 9, 2005, an 80-count Superseding Indictment was

returned, charging Petitioner with conspiracy, wire fraud, mail fraud, bank fraud,

access to device fraud, mail theft, and copyright infringement.  Pursuant to the Plea

Agreement entered on March 18, 2005, Petitioner pled guilty to Counts 9, 11, 12,

13, 16, 17, 20, 22, 27, 29, 30, 32, 34, 38, 40, 42, 44, 46, 48, 49, 50, 53, 54, 56, 57,

58, 59, 63, 68, 69, 71, 72, 75, 76, and 77 of the Superseding Indictment and Counts

9 and 10 of the Information.  In exchange for Petitioner's guilty pleas, the

government agreed to dismiss the remaining counts in the Superseding Indictment

and Information after Petitioner's sentencing.  Petitioner was sentenced on

December 5, 2005 to 70 months of imprisonment.

On November 24, 2006, Petitioner, Pro Se, filed a Motion pursuant to

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence based on claims of

excessive sentence, ineffective assistance of counsel, unconstitutional search and

seizure, failure to disclose favorable evidence, and defendant's assistance to the

government, denial of a speedy trial, and no bargaining time given with respect to

the Plea Agreement ("§ 2255 Motion").  On July 16, 2007, this Court denied

Petitioner's § 2255 Motion ("Order Denying § 2255 Motion").

On August 28, 2007, Petitioner, Pro Se, filed a Notice of Appeal from

the order denying his § 2255 Motion, which this Court construed as a Request for a

Certificate of Appealability ("COA").  This Court denied Petitioner's COA without

prejudice based on a lack of supporting argument.  This Court gave Petitioner an

2

opportunity to re-file a COA, requesting Petitioner to specify the issues that he seeks to appeal, and the arguments that he wished to make in support of his appeal.

On September 20, 2007, Petitioner, Pro Se, filed a Motion for COA. On September 24, 2007, Petitioner filed a Supplement to Motion for COA ("COA Supplement").  In Petitioner's Motion for COA, he asserted the following arguments: (1) the sentence imposed upon him was unconstitutional; (2) he was threatened by the prosecutor with a retaliatory 80-count Superseding Indictment, which included 23 counts of alleged "double-counting;" (3) he was forced to sign the Plea Agreement without any lawful plea bargaining by his defense counsel and, as a result, he suffered two sentences, as well as "multiplicity, duplicity of counts, and double-counting;" (4)  the prosecutor concealed evidence favorable to Petitioner's defense, conspired with Petitioner's defense counsel to prevent Petitioner from exercising his constitutional right to plead not guilty three times, and entrapped and coerced Petitioner into pleading guilty pursuant to the Plea Agreement; (5) this Court was prejudicial because this Court did not raise any questions regarding the prosecutor's "vindictiveness and unjudicial conviction;" (6) this Court is repulsive to the truth, appeared to favor the government in the

3

entire criminal and civil proceedings, and engaged in too many assumptions and presumptions regarding the extensive nature of the offenses.

In Petitioner's COA Supplement, Petitioner requested that his sentence be mitigated pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1), and under the Federal Rules of Civil Procedure 60(b)(6) ("Rule 60") for extraordinary circumstances. Petitioner alleged that he was entrapped by his co-defendant Luu into committing the underlying criminal offenses. Petitioner also claimed that he is 64 years old, suffers from injuries sustained in three car accidents, is a family man, a model inmate, and was a professional before his incarceration. In addition, Petitioner asserted that his sick wife needs his care and support. Petitioner further alleged that his defense counsel was incompetent, disloyal, and did nothing for Petitioner's defense, conspired in the government's vindictive and evil prosecution against Petitioner, and betrayed Petitioner in the end.

On December 10, 2007, Petitioner filed a Motion for Ruling on the COA Application (Doc. # 109). The Court construed Petitioner's Motion for COA and COA Supplement together as a single motion for COA and denied the motion on December 12, 2007 ("Order Denying COA") (Doc. # 111). On December 13, 2007, the Court denied as moot Petitioner's Motion for Ruling on the COA Application (Doc. # 113).

4

On December 28, 2007, Petitioner filed two motions: (1) Analysis of the District Court's Order Denying Appellant's Motion for COA ("Part I") (Doc. # 116); and (2) Motion for Clarification and Correction of Restitution Order ("Part II") (Doc. # 115). For purposes of this order, the Court construes these motions as a single motion for reconsideration of the Court's Order Denying COA ("Motion for Reconsideration").

<u>STANDARD OF REVIEW</u>

The disposition of a motion for reconsideration is within the discretion of the district court. <u>Lolli v. County of Orange</u>, 351 F.3d 410, 411 (9th Cir. 2003); <u>Plotkin v. Pac. Tel. & Tel. Co.</u>, 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983); <u>Carnell v. Grimm</u>, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>Carnell</u>, 872 F. Supp. at 758. There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."

Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); see also

Carnell, 872 F. Supp. at 758-59.

Petitioner moves for reconsideration pursuant to Fed. R. Civ. P.

60(b),[1] which provides that the court may grant relief from judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence
> could not have been discovered in time to move for a
> new trial under Rule 59(b); (3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or
> other misconduct of an adverse party; (4) the judgment is
> void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based
> has been reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective
> application; or (6) any other reason justifying relief from
> the operation of the judgment.

---

[1] Petitioner moves pursuant to Fed. R. Civ. P. 60(b) in Part II of the Motion for Reconsideration only. Petitioner does not cite any legal authority as a basis for Part I of the motion. Because the Court considers the instant motions together, the Court addresses the arguments in Part I of Petitioner's motion pursuant to Fed. R. Civ. P. 60(b) as well.

6

<u>DISCUSSION</u>

In the instant Motion for Reconsideration, Petitioner contends that the Court erred in its Order Denying COA[2] because the Court: (1) misinterpreted Petitioner's arguments, omitted and misconstrued facts pertinent to Petitioner's suit, and misapplied the law; (2) failed to recognize Petitioner's multiplicity and double counting arguments; (3) failed to recognize Petitioner's vindictive prosecution argument, specifically as against the prosecuting attorney for amending the Superseding Indictment to which Petitioner pleaded guilty to 35 counts; (4) failed to recognize Petitioner's argument regarding the "unconstitutionally evil plea agreement" (Part I at 13.); (5) failed to recognize Petitioner's argument regarding the "prejudicial, erroneous, and unconstitutional" Presentence Investigation Report (<u>id.</u>); (6) failed to provide Petitioner with an evidentiary hearing on his allegedly colorable claims set forth in his § 2255 Motion; (7) failed to recognize Petitioner's argument regarding the restitution owed by Petitioner; (8) failed to recognize Petitioner's mitigating circumstances argument, which necessitated a reduction in Petitioner's sentence; and (9) failed to

---

[2] Some of Petitioner's arguments arise not from the denial of Petitioner's Motion for COA but rather from the denial of his § 2255 Motion. Regardless, the Court considers all of Petitioner's arguments as part of the instant Motion for Reconsideration of the Court's denial of Petitioner's COA.

7

recognize Petitioner's claim that the Government fabricated evidence to harm his co-defendant and wife Anna Martin ("Anna").[3]  For the reasons set forth below, the Court finds all of Petitioner's claims to be without merit.

A.    Claims of Misinterpretation, Omission, and Misstatement of Fact & Law

In the "Errors and Omissions" section of the instant motion, Petitioner contends that the Court misinterpreted his arguments and made erroneous factual statements and legal conclusions in its Order Denying COA.  Petitioner recounts these alleged errors in exhaustive, line-by-line detail.  A careful review of Petitioner's claims in this section, of which there are eight, indicates that none of them propound a basis upon which Petitioner's Motion for Reconsideration may be granted.  Petitioner's claims may be categorized as either: (1) immaterial to a cognizable legal argument, (2) re-statements of claims already set forth in either the § 2255 Motion or the Motion for COA, and which were subsequently denied by this Court, or (3) gripes with the legal rationale behind the Court's holdings.  In none of these claims does Petitioner offer any new evidence, suggest an intervening change in the law, or show that this Court committed clear error or manifest injustice to warrant reconsideration of this Court's Order Denying COA.

---

[3] Some of Petitioner's claims from Part I and Part II are redundant.  For purposes of this order, the Court addresses a summarized version of each of the substantive arguments.

See Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); Reliance

Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003); see also,

Carnell v. Grimm, 872 F. Supp. 746, 758-59 (D. Haw. 1994).  While the Court will

not address all eight claims in their entirety, it will briefly review an example from

each category.

    1.  Immaterial Claims

        In his third claim, Petitioner avers that line 16 of page three of the

Order Denying COA is "distinctly distorted."  (Part I at 3.)  The disputed statement

by the Court, which Petitioner cites only in part in his motion, reads: "Petitioner

further alleges that the prosecutor concealed evidence favorable to Petitioner's

defense, conspired with Petitioner's defense counsel to prevent Petitioner from

exercising his constitutional right to plead not guilty three times, and entrapped and

coerced Petitioner into pleading guilty pursuant to the Plea Agreement."  (Order

Denying COA at 3.)  Petitioner takes issue with the Court's construction of his

argument, claiming that the correct statement from his motion was: "the prosecutor

is a prevaricator, . . . , and was in conspiracy with Martin's defense lawyer to

augment the defendant's offense, for his exercising a constitutional right to plead

'not guilty' three (3) times."  (Part I at 3.)  The "real meaning" of this statement,

according to Petitioner, is that "Martin, exercising his constitutional right to plead

not guilty three times, was betrayed by his defense counsel who conspired with the prosecutor to increase Martin's offense."  (Id.)

There appears to be little, if any, substantive difference between the Court's interpretation of Petitioner's argument and what Petitioner claims he intended to argue.  Any difference in interpretation is, at best, semantic and has no impact on the legal viability, or lack thereof, of Petitioner's argument.  Petitioner propounds no new facts, claims no change in intervening law, and fails to establish that this Court erred or committed an injustice.  This finding similarly applies to Petitioner's first, second, and fifth claims and the Court DENIES Petitioner's Motion for Reconsideration as to these claims.

2.  Re-Statements of Previously Denied Claims

In his eighth claim, Petitioner claims that he was provided with ineffective assistance of counsel because his lawyer did not provide him with "active and adversarial" protection.  (Part I at 9.)  As such, Petitioner summarily claims that his attorney was ineffective and incompetent.  (Id.)  Petitioner further alleges that, since this Court is "biased," he finds it "unnecessary to mention much here."  (Id.)  This Court discussed in great detail Petitioner's ineffective assistance claim in both its Order Denying § 2255 Motion and its Order Denying COA, finding the claim meritless in both.  The Court stands on the reasoning set forth in

10

those orders.  Here, Petitioner regurgitates the key points of an argument he has

made numerous times before and, by his own admission, presents no new evidence,

claims no change in intervening law, and fails to establish that this Court erred or

committed an injustice.  The Court DENIES Petitioner's Motion for

Reconsideration as to his ineffective assistance claim.

    3.  <u>Gripes with the Court's Legal Analysis</u>

       In his fourth claim, Petitioner argues that, despite the Court's finding

to the contrary, he "abundantly demonstrated in his Motion 2255 pleadings that

both the Indictment and Superseding Indictment are double-counting."  (<u>Id.</u> at 3.)

Petitioner appears to claim double-counting as to the amount of his restitution and

as to violations used to determine his sentence, which is multiplicity.  Again, the

Court extensively reviewed Petitioner's double-counting claim in both its Order

Denying COA and Order Denying § 2255 Motion and found in both that Petitioner

was not punished twice for the same conduct.  Here, Petitioner has not presented

new information, nor has he demonstrated that the Court erred in its previous

rulings.  Instead, Petitioner urges the Court to reconsider his claim based on his

strenuous contention that the argument he set forth in his previous motions

demonstrated that there was double-counting.  While the Court sympathizes with

Petitioner's frustration, merely reiterating the same argument from previous

motions, without more, is an insufficient basis for reconsideration. This same finding applies to Petitioner's sixth and seventh claims and, as such, the Court DENIES Petitioner's Motion for Reconsideration as to these claims.

B.     Multiplicity and Double Counting Claim

Despite asserting double-counting earlier in his motion, Petitioner raises it again, along with another multiplicity claim, later in the motion. Although unclear, Petitioner appears to argue that, because one <u>type</u> of offense was involved in his conviction (the illegal cashing of "access checks"), there could be only one <u>charge</u> for the numerous instances of this illegal activity. (Part I at 10.) As the Court stated in its Order Denying COA, the Presentence Report demonstrates that each count to which Petitioner pleaded guilty was based on a separate transaction and separate conduct. (Order Denying COA at 7.) Petitioner's confusion about the law and its application to his offenses notwithstanding, he presents no new information here that would cause the Court to reconsider its previous finding. The Court DENIES Petitioner's Motion for Reconsideration as to this claim.

C.     Vindictive Prosecution/Amendment of Indictment Claim

Although once again unclear, Petitioner apparently argues that the 80-count Superseding Indictment, to which he pleaded guilty as to 35 counts, represented an improper "amendment to indictment." Petitioner further argues that

the prosecuting attorney coerced him into pleading guilty to the 35 counts under a

threat of prosecution of Anna.  Petitioner cites extensively, and often inaccurately,

to case law for the proposition that the Fifth Amendment requires that a defendant

be tried only on charges handed down by a grand jury and, after an indictment has

been returned, its charges may not be broadened through amendment except by

grand jury.  See, e.g., United States v. Molinaro, 11 F.3d 853, 861 n. 17 (9th Cir.

1993).  Petitioner also claims that a defendant cannot be convicted for an offense

that was not included in the indictment.  See, e.g., United States v. Douglas, 974

F.2d 1046, 1050 (9th Cir. 1992).

        While Petitioner's recitation of the law is not erroneous, he misapplies

it here.  Petitioner was neither tried nor convicted of the crimes with which he was

charged.  Rather, Petitioner pleaded guilty of his own volition and his conviction

was following his plea, his claims of prosecutorial misconduct and defense

counsel's ineffective assistance notwithstanding.  Petitioner provides no new facts,

cites no change in intervening law, and fails to prove that this Court erred or

committed an injustice.  As such, the Court DENIES Petitioner's Motion for

Reconsideration on this claim.


D.    Unconstitutional Plea Agreement Claim

13

Petitioner next argues that he was prejudiced by the allegedly unconstitutional Plea Agreement, specifically that he was subjected to unfair bargaining and coerced into signing the agreement. This Court addressed, both explicitly and with regard to Petitioner's other claims (i.e. ineffective assistance of counsel), the validity of Petitioner's Plea Agreement in both the Order Denying COA and the Order Denying § 2255. In the Order Denying § 2255, this Court found the Plea Agreement to be unambiguous on its face and that Petitioner had waived his right to appeal any sentence that was within the specified guideline range determined to be applicable by the Court. (Order Denying § 2255 at 7.) Once again, the Court stands on this reasoning.

Here, Petitioner string cites nearly two pages of cases that reflect bedrock principles of plea agreement law. While Petitioner's recitation of the law is relatively accurate, it is inapposite to the facts at hand. Despite Petitioner's assertions to the contrary, he has not, in his past motions or in the instant motion, demonstrated to this Court that his Plea Agreement was coerced, unfair, or otherwise constitutionally infirm. Petitioner provides no new facts, cites no change in intervening law, and fails to prove that this Court erred or committed an injustice. Petitioner's mere regurgitation of the same, previously discredited argument, coupled with his insistence of its persuasiveness, is inadequate to form a

basis for reconsideration.  Thus, the Court DENIES Petitioner's Motion for Reconsideration as to this claim.

E.    Unconstitutional Presentence Report Claim

Petitioner asserts that the Presentence Report that was prepared on him was "groasly [sic] prejudicial, erroneous, and unconstitutional."  (Part I at 16.) Petitioner provided his "analysis" of the Presentence Report in his amended § 2255 motion, which is why the Court dedicated a significant portion of its discussion in the Order Denying § 2255 to the Presentence Report.[4]  There, as here, the Court found that the Presentence Report accurately reflected the seriousness of Petitioner's offenses and the factors relevant to a determination of Petitioner's sentence.  Despite Petitioner's repeated assertions that the offense level applicable to him was erroneous, he has provided no new information to support this claim. As such, the Court DENIES Petitioner's Motion for Reconsideration on this claim.

F.    Evidentiary Hearing Claim

---

[4] The Court also analyzed the Presentence Report in the Order Denying COA.

15

Petitioner next contends that he should have been granted an evidentiary hearing on his "colorable" § 2255 claim. Notwithstanding the fact that this argument is misplaced within a motion for reconsideration of the denial of Petitioner's COA, the claim is still meritless. The Order Denying § 2255 contains 17 pages of reasoning as to why Petitioner's claims are not "colorable." The Court stands on that reasoning and Petitioner provides no new information to suggest a different result. As such, the Court DENIES Petitioner's Motion for Reconsideration as to this claim.

G.    <u>Improper Restitution Claim</u>

Although unclear, Petitioner appears to allege numerous issues regarding the restitution amount, including double-counting, the inaccurate cost of certain items (e.g. $10 for a VHS tape), unverified claims, and evidence fabrication. Many of these allegations overlap with claims made by Petitioner elsewhere in the instant motion. For example, to the extent that Petitioner's restitution claim relies on a double-counting argument, the Court refers to its previous discussions, both in this order and in previous orders, for denying this portion of Petitioner's claim. Furthermore, to the extent that Petitioner's instant claim relies on his previously discredited attacks on the Presentence Report, the Court refers to subsection E of this order, in addition to its previous orders, for

16

justification for denying this part of Petitioner's claim.  Finally, the Court notes

that much of Part II of the instant motion is dedicated to disputing the restitution

amount owed not by Petitioner but by Anna.  Anna's restitution is not properly

before the Court at this time.

        For sake of clarity, the Court reiterates that its careful review of the

Presentence Report indicates that it is neither biased nor inaccurate.  The

Presentence Report accurately reflects the gravity of the charges to which

Petitioner pleaded guilty, the circumstances appropriate for the Court to determine

Petitioner's sentence (pursuant to 18 U.S.C. § 3582), and the relevant amount of

restitution owed by Petitioner.  Despite Petitioner's repeated attempts to cast

himself as an unwitting victim in a scheme perpetuated by others (specifically, his

co-defendant Luu), these attempts ring hollow in light of the volume and

persuasiveness of information suggesting otherwise.  Petitioner's refusal to

acknowledge his culpability, and his insistence on continuing to argue the same,

meritless claims in motion after motion, reinforces this Court's view that

Petitioner's sentence was appropriate.  Finally, Petitioner provides no new facts,

cites no change in intervening law, and fails to prove that this Court erred or

committed an injustice with regard to the issue of restitution.  Accordingly, the

Court DENIES Petitioner's Motion for Reconsideration on this claim.

17

H.      Mitigating Circumstances Claim

Petitioner also argues that his attendant circumstances, specifically the ill health of his wife, necessitates reconsideration of his sentence.[5]  The Court disagrees.  As stated in the Order Denying COA, departure below the advisory guideline range for family circumstances is a discouraged factor and is only proper in exceptional circumstances.  (Order Den. COA at 10-11.); see U.S.S.G. § 5h1.6; U.S.S.G., ch. 5, pt. H, introductory cmt; U.S.S.G. § 5k2.0, policy stmt; Koon v. United States, 518 U.S. 81, 96 (1996).  The Court found that Petitioner had not demonstrated that his wife's situation required his constant care and support, did not provide evidence that his incarceration had caused extraordinary hardship and suffering, and, moreover, his two adult children were assisting with his wife's care. As such, the Court found that Petitioner's family circumstances did not warrant departure below the sentencing guidelines.  Moreover, as discussed in the Order

---

[5] Petitioner references United States v. Wood, No. 06-10724, 2007 WL 4357777 (9th Cir. Dec. 10, 2007), apparently for the proposition that this Court is biased against him due to his race (Vietnamese).  The Court notes that the defendant in Wood was Caucasian, not Vietnamese as is Petitioner.  Furthermore, the Ninth Circuit vacated the Court's decision because the indictment charged by the Government could not support an essential element of the wire fraud scheme engaged in by the defendant, not on account of this Court's error.  Id. at *1. Finally, the Ninth Circuit, while holding that the defendant's conviction could not stand, nevertheless acknowledged that the defendant had stolen the funds that were the basis of the wire fraud charge.  Id.  There was no allegation of racial bias in Mr. Wood's appeal or the Ninth Circuit's decision in his case.

18

Denying COA, the Court carefully applied the 18 U.S.C. § 3553(a) factors when it determined Petitioner's sentence. The Court once again stands on its previous reasoning.

Petitioner has presented this Court with nothing to make it reconsider its previous sentencing determinations. While the Court sympathizes with Petitioner's family, as it does with all families faced with the incarceration of one of its members, it will not deviate from its previous holdings regarding Petitioner's sentence based on the identical arguments to ones Petitioner has set forth, without success, in his previous motions. For these reasons, the Court DENIES Petitioner's Motion for Reconsideration as to his claim of mitigating circumstances.

I.    Fabrication of Evidence Claim

Lastly, Petitioner reiterates his claim that the Government fabricated evidence to harm Anna. By his own admission, Petitioner previously raised this claim in his § 2255 Motion. Regardless, Anna's conviction is not presently before the Court. As such, the Court does not consider this argument for purposes of the instant motion.

CONCLUSION

19

For the reasons stated above, the Court DENIES Petitioner's Request for Reconsideration of the Denial of the Certificate of Appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 15, 2008.



_____
David Alan Ezra
United States District Judge

United States vs. Martin, Civil No. 06-00629 DAE LEK; Criminal No. 04-00322 DAE; Civil No. 06-00632 DAE LEK; Criminal No. 05-00049 DAE; ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION OF THE DENIAL OF THE CERTIFICATE OF APPEALABILITY