ORIGINAL

ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

IN PRO SE DEFENDANT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 9 2008

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABRAHAM NGUYEN MARTIN, | )  CV. NO. 06-00629 DAE-LEK |
| | )  CR. NO. 04-00322 DAE |
| Defendant-Appellant, | )  CV. NO. 06-00632 DAE-LEK |
| | )  CR. NO. 05-00049 DAE |
| vs. | )  **NINTH CIRCUIT NO. 07-16756** |
| | ) |
| UNITED STATES OF AMERICA, | )  SECOND MOTION FOR CLARIFICATION |
| | )  AND CORRECTION OF RESTITUTION |
| Plaintiff-Appellee. | )  ORDER; CERTIFICATE OF SERVICE |
| | ) |

**SECOND MOTION FOR CLARIFICATION AND
CORRECTION OF RESTITUTION ORDER**

**COMES NOW,** ABRAHAM MARTIN. hereinafter "Martin". Defendant-Appellant in propria persona in the above-mentioned action, and hereby submits to this Honorable Court his Second Motion for Clarification and Correction of the Restitution Order(s) as imposed in the two sentences.

This motion is based on the files and records herein, and predicated on Rule 60(b) of the Federal Rules of Civil Procedure with regard to Mistakes, Excusable Neglect, Newly Discovered Evidence, Fraud, etc ... and points and authorities below.

## FACTUAL BACKGROUND

On December 21, 2007, Defendant-Appellant Martin sent in his Motion for Clarification and Correction of the Restitution Order(s)in his two sentences (multiplicity of sentences), Cr. No. 04-00322-01DAE (Superseding Indictment) and Cr. No. 05-00049-01DAE (Information which is the Constructive Amendment to Indictment in the unconstitutional plea agreement), alleging gross errors in the restitution orders as imposed.

On January 15, 2008, in the "Order Denying Petitioner's Request for Reconsideration of the Denial of the Certificate of Appealability", the court construed the above motion as part of Martin's Analysis of the Court Order Denying Appellant's Motion for COA and ruled on it as a single motion. The court provided its discussion on this issue in section G. Improper Restitution Claim on page 16 of the Order, in which the court failed to address the core allegations made by Martin. The court relied heavily on the erroneous PSR which contains too many maliciously imposed charges and incorrect information, which have been intentionally concealed by not holding an evidentiary hearing. The court wanted Martin "not to talk back, not to raise any issue of appeal, not to expose any government's vindictive, unlawful, illegal, unjudicial and malicious prosecution. In exercising a constitutional right to appeal, Martin is accused of "refusal to take responsibility". The court evidently wanted Martin to be blamed for all of Luu's crimes, government agents' prejured statements, defense lawyer's incompetence and betrayal and the prosecutor's unconstitutional, unlawful and evil acts. "Vive l'Amerique" !!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!

## ERRONEOUS RESTITUTION ORDERS

As stated in Martin's First Motion for Clarification and Correction of Restitution Order, the errors do exist and they seem to be plain errors.

1. **04-00322DAE Judgment in a Criminal Case (Super. Indictment):**

   a) Hawaii National Bank          $ 5,324.63
   b) D.M.Jr.                       $ 2,079.66
   c) Chase Manhattan Bank          $16,455.62
      Chase Bank USA, N.A.

TOTALS :    Loss - $0.00           $23,859.91

As pointed out in the first motion, the amount of $5,324.63 is erroneously imposed. It is not a charged count in the indictment, nor an offense. This is strictly a civil matter which the bank has to iron out with Martin in a civil lawsuit. The second amount of $2,079.66 is meritless, since the bank absorbed the loss, if any, not the check owner (D..M. Jr.). Furthermore this check was reversed. The third amount, $16,455.62, is totally erroneous, as claimed from Chase Manhattan Bank. This represents the sum of $9,400.00 Chase Manhattan Bank, and $7,055.63 Sears National Bank. It appears that neither bank claimed anything, but the government did. If Chase Manhattan Bank did claim, the amount should be $9,400, not $16,455.62.

2. **05-00049DAE Judgment in a Criminal Case (Information):**

   a) Tai Seng Video                $  4,620.00
   b) Asia View Entertainment       $  8,670.00

TOTALS:     Loss - $0.00           $ 13,290.00

Again, as pointed out in the first motion, this imposed restitution is based  on the Information, which is a Constructive Amendment to Indictment, perjured government agent's statement(s), illegal and unauthorized search and seizure, among other things.

= 3 -

Martin paid only $1.50 per VHS tape, for any number of tapes after the first one which costs between $15 to $25. The number of bootleg tapes (used over and over again up to 10 times) was 150, certainly **not 1,500** as prevaricated by FBI agents who illegally seized a large number of original tapes as well, due to their ignorance, from the living room, constituting 177(?) boxes. Moreover, Martin already demonstrated that FBI special agent prevaricated in his report. and the video companies' counsel **did not** make a claim for restitution against Martin. This will call for a civil action later.

## POINTS AND AUTHORITIES

In **United States v. Lachowski**, 405 F.3d 696 (8th Cir. 2005), the Eight Circuit held that federal courts cannot order restitution in a criminal case without a statutory basis. See also **United States v. Bok**, 156 F.3d 157 (2nd Cir. 1998); **United States v. Akande**, 200 F.3d 136 (3rd Cir. 1999); **United States v. Pawlinski**, 374 F.3d 536, 540 (7th Cir. 2004). The Second Circuit held in **United States v. Thompson**, 113 F.3d 13 (2nd Cir. 1997) that improperly ordered restitution constitutes illegal sentence amounting to plain error. See also **United States v. Mortimer**, 52 F.3d 429, 436 (2nd Cir.) (citation omitted), cert. denied, __US___, 116 S.Ct. 208, 133 L.Ed.2d 141 (1996); **United States v. Tran**, 234 F.3d 798 (2nd Cir. 2000).

The general rule is that "restitution in a criminal case may only compensate a victim for actual losses caused by the defendant's criminal conduct." **United States v. Gaytan**, 342 F.3d 1010 (9th Cir. 2003); **United States v.Gamma Tech Indus., Inc.**, 265 F.3d 917, 926 (9th Cir. 2001) (citing 18 U.S.C. § 3664(a) and **United States v. Rodrigues**, 229 F.3d 842, 845 (9th Cir. 2000).

Last but not least, district court must evaluate defendant's

financial condition and ability to pay before determining restitu-
tion amount. 18 U.S.C. § 3664(a). See **United States v. Davis,** 117
F.3d 459 (11th Cir. 1997); **United States v. Remillong**, 55 F.3d at
574 (citations omitted) (emphasis added). Both Martin and his wife
were indigent, had public defender and court-appointed counsel to
represent them throughout the criminal proceeding. They therefore
cannot afford to pay huge amounts of restitution as ordered, with
severe conditions attached. Furthermore,  prosecutorial vindictive-
ness is clearly shown in the plea agreement, by charging the Defen-
dant with 37 counts or special assessment of $3,700, instead of
2 to 4 counts, since the offense is practically the same, as held
by the Supreme Court in **Whalem v. United States**, 445 U.S. 684 (1980).
(citing **Crepps v. Durden**, 2 Cowd., 64-0, 98 Eng.Rep. 1283 (K.B. 1777).

## CONCLUSION

Based on the foregoing reasons, points and authorities,
Martin moves this Honorable Court to clarify and correct the
Restitutionary Order as required, in both sentences, for the interest
of justice and fairness in the court system.

DATED: Lompoc, California this January 25th, 2008

Respectfully submitted,

_____
Abraham Martin
Pro se Appellant

- 5 -

## CERTIFICATE OF SERVICE

Case name:   USA  V.  MARTIN

Case No.  **07-16756** - Court of Appeals for the Ninth Circuit

Hawaii District Court No. 06-00629DAE-LEK/Cr. No. 04-00322DAE
06-00632DAE-LEK/Cr. No. 05-00049DAE

I certify that a copy of the **SECOND MOTION FOR CLARIFI-CATION AND CORRECTION OF RESTITUTION ORDER**

and any attachments was served, either in person or by mail,

on the person(s) listed below:

DATED: Lompoc, California

_____
Abraham Martin

| Name | Address | Date Served |
|------|---------|-------------|
| William L. Shipley<br>AUSA | 300 Ala Moana Blvd., Rm 6-100<br>Honolulu, HI 96850 | 01/25/2008 |
| Ellie Asasaki<br>Supervising P.O. | 300 Ala Moana Blvd., Rm C-126<br>Honolulu, HI 96850 | 01/25/2008 |
| Lane Y. Takahashi<br>Atty for Co-Defen<br>Anna Martin | 745 Fort Street, Suite 2121<br>Honolulu, HI 96813 | 01/25/2008 |
| Clerk<br>Court of Appeals<br>Ninth Circuit | 95 Seventh Street<br>P.O. Box 193939<br>San Francisco, CA 94119-3939 | 01/25/2008 |