ORIGINAL

ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

IN PRO SE APPELLANT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 21 2008

at 11 o'clock and 10 min. A.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABRAHAM NGUYEN MARTIN,  )<br>  )<br>    Defendant-Appellant,  )<br>  )<br>vs.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff-Appellee.  )<br>  )<br>_____  ) | CV. NO. 06-00629 DAE-LEK<br>CR. NO. 04-00322 DAE<br>CV. NO. 06-00632 DAE-LEK<br>CR. NO. 05-00049 DAE<br>**Ninth Circuit Case No. 07-16756**<br><br>MOTION TO RESCIND/RELEASE<br>GOVERNMENT-IMPOSED LIEN ON<br>DEFENDANT'S RESIDENCE ADDRESS;<br>MEMORANDUM; DECLARATION; EXHIBITS<br>"A-D"; CERTIFICATE OF SERVICE |

**MOTION TO RESCIND/RELEASE GOVERNMENT-IMPOSED LIEN ON
DEFENDANT'S RESIDENCE ADDRESS**

**COMES NOW**, ABRAHAM NGUYEN MARTIN, hereinafter "Martin", pro se defendant-appellant in the above-mentioned action, submits to this Honorable Court, in good faith, his Motion to Rescind/Release Government-Imposed Lien on Defendant's Residence Address, being Document No. R2006034043, recorded in the State of Hawaii Bureau of Conveyances on February 21, 2006.

This motion is based on the files and records herein, and predicated on Rules 9(b), 12(b)(1) and (2) and 60(b)(3) of the Federal Rules of Civil Procedure. It is further supported by the Memorandum of Law and Declaration of Abraham Martin.

## MEMORANDUM OF LAW

### A. BACKGROUND INFORMATION

On October 24, 2005, Co-Defendant Anna Martin, being innocent but implicated by the government in the Defendant's crime, was sentenced to the maximum end of level 12, or 16 months imprisonment. She was coerced to plead guilty to 2 counts of the Information, Cr. No. 05-00049-02DAE. She was ordered to pay a restitution order amount of $29,745.62 (which is the sum of $16,455.62 and $13,290.00) which restitution amount was jointly held with Defendant Abraham Martin. On November 28, 2005 or 34 days after sentencing, and while Mrs. Anna Martin was suffering in jail at San Bernadino due to her diabetes type I sickness, the government imposed a lien on her property at 4580 Kilauea Avenue, Honolulu, Hawaii 96816, under Document No. R2005240783, recorded in the State of Hawaii Bureau of Conveyances, for the amount of $29,745.62 or $29,945.62 ($200 extra for the 2-count special assessment charge).

On December 5, 2005 Defendant (01) Abraham Martin was sentenced to 70-month imprisonment, based on level 23, an increase of 2 level-enhancement for leadership role as determined by Judge David Alan Ezra alone, not found guilty by a grand jury beyond a reasonable doubt or admitted by the defendant. Martin had been coerced by not only the prosecutor but also his defense counsel into pleading guilty to an evil and unconstitutional plea agreement, which contains a constructive amendment to indictment and a malicious violation of Rule 11 of the Fed.R.Crim.P. Martin suffered not only double jeopardy but also triple/quadruple jeopardy by it.

Defendant received 2 sentences from the 2 charging documents, the Superseding Indictment and the Information, or **multiplicity of sentences**. As a result, he also received 2 restitution orders, $23,859.91 from the Superseding Indictment and $13,290.00 from the Information, plus $3,700.00 special assessment from the 37 counts listed in the Plea Agreement, or a total amount of $40,849.91. On February 21, 2006, with wanton, malicious and reckless disregard for the law, the government imposed a lien on the defendant-appellant's residence address at 4580 Kilauea Avenue, Honolulu, Hawaii 96816-5014, under Document No. 2006-034043, recorded in the State of Hawaii Bureau of Conveyances, for the amount of $40,849.91, of which $29,745.62 is jointly held with co-defendant Anna Martin. See Exhibit "A" herewith appended.

B. POINTS AND AUTHORITIES

   (a) U.S.C. Title 18 § 3613(c):

      The government, in imposing the above-mentioned lien, relied on U.S.C. Title 18 § 3613(c) which states in part:

> ".. a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay restitution.........."

The truth and the fact is, the government imposed a lien on a property **not belonging to the person fined or ordered to pay restitution.** Belonging of course means **having ownership or title** as a matter of law. The government therefore engaged in ultra vires in ignoring the law which it **must uphold** as its duty. Moreover, the government sent Martin a "NOTICE OF INTENT TO OFFSET" dated June 15, 2006 stating a variety of federal payments eligible

- 3 -

for offset. On July 9, 2007, the U.S. Attorney's Office, Financial Litigation Unit sent Martin a letter stating that it would continue to refer Martin's debt (restitution & special assessment) to the United States Department of the Treasury for collection purposes. See Exhibit "B" attached herewith.

**(b) Federal Civil Judicial Procedure and Rules**

**(1) Rule 9(b):** In imposing an unlawful lien upon Martin's residence address, the government displayed malice, intent, knowledge since Martin **did not own any property** at all, therefore violating Rule 9(b) of the Fed.R.Civ.P.

**(2) Rule 12(b)(1) and (2):** Since Martin did not have title to the property or ownership of it, the government did not have subject-matter or personal jurisdiction over it. The government therefore violated Rule 12(b)(1) and (2) of the Fed.R.Civ.P.

**(3) Rule 60(b)(3):** In imposing an illegal and unlawful lien, the government committed fraud and misconduct, a clear violation of Rule 12(b)(3) of the Fed.R.Civ.P.

**(4) Mitigation Doctrine:** In good faith, defendant-appellant Martin sent a request to the U.S. Attorney's Office, Financial Litigation Unit, on April 21, 2008, to rescind the above-stated lien. Martin requested an answer from this office within 3 days of receipt. The government appears to have ignored this request because Martin **has not received an answer as of end of 5/18/2008**. Martin therefore has no choice but file a motion to seek justice from this Honorable Court. The government has been demonstrated to be vindictive and engaging in "foul" play throughout the criminal and civil proceedings, as a matter of fact and of law.

## CONCLUSION

Based on the foregoing reasons, Defendant-Appellant Martin moves this Honorable Court to order the government to rescind/release the lien it imposed on Martin's residence address on February 21, 2006, Document No. 2006-034043, for the interest of justice and fairness in the court system.

DATED: Lompoc, California  May 18, 2008

Respectfully submitted,

_____
Abraham Martin
Pro Se Defendant-Appellant

- 5 -