IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ABRAHAM NGUYEN MARTIN, ) | CV. NO. 06-00629 DAE-LEK |
| ) | CR. NO. 04-00322 DAE |
| Defendant-Appellant, ) | CV. NO. 06-00632 DAE-LEK |
| ) | CR. NO. 05-00049 DAE |
| vs. ) | Ninth Circuit Case No. 07-16756 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee. ) | |
| _____ ) | |

ORDER DENYING DEFENDANT'S MOTION TO RESCIND/RELEASE
GOVERNMENT-IMPOSED LIEN ON DEFENDANT'S RESIDENCE
ADDRESS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting memoranda, the Court DENIES Defendant's Motion to Rescind/Release Government-Imposed Lien on Defendant's Residence Address.

On May 21, 2008, Defendant filed this instant motion. (Cr. No. 05-00049 Doc. # 134). On May 28, 2008 and June 9, 2008, Defendant filed two separate supplements to the motion. (Doc. # 136, 148).

Defendant, pro se, argues that due to ineffective counsel and malicious prosecution, he received two sentences, one from the Indictment and the

other from the Information, subjecting him to double jeopardy and causing him to receive two restitution orders, $23,859.91 from the Indictment and $13,290.00 from the Information.  Defendant's wife, co-defendant Anna Martin, was held jointly responsible for $29,745.62.  Defendant argues that these two liens on his residence, co-defendant Anna Martin's lien of $29,745.62 and Defendant's total lien of $37,149.91, are illegal.  Further, Defendant asserts that he does not have title to the property that is his residence because he conveyed his interest to co-defendant Anna Martin in 1999.

        Defendant has argued that he suffered from double jeopardy and double counting in terms of restitution to this Court many times before.  Indeed, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, a request for a certificate of appealability, a motion of reconsideration of the denial of his request for a certificate of appealability, and two motions for clarification and correction of the restitution order.  Defendant offers no new information as to these claims.  As stated in previous orders, this Court has extensively reviewed Defendant's double counting claims and each time found that Defendant was not punished twice for the same conduct.  (Doc. #111, 118).

        Even if the Court accepts the claim that Defendant is now making that he does not have title to the property at 4580 Kilauea Avenue, Honolulu, Hawai`i

96816 as a new claim, Defendant had ample time to raise this issue in previous motions.  Defendant knew of the restitution order placed upon him during sentencing on December 5, 2005.  (Doc. #49).  Defendant also had notice that the order of restitution was imposed as a lien against the property at 4580 Kilauea Avenue, Honolulu Hawai`i 96816, which was filed on February 15, 2006.  (Ex. A of the instant motion).  Therefore, this Court finds this argument untimely in addition to being meritless.

Furthermore, because Defendant continues to file motions containing essentially the same arguments, without providing additional law or facts, this Court hereby ORDERS that Defendant's future filings in the instant case, numbers CV. 06-00629; DAE-LEK; CR. 04-00322 DAE; CV. 06-00632 DAE-LEK; and CR. 05-00049, be screened by the Court before they are accepted for filing.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Rescind/Release Government-Imposed Lien on Defendant's Residence Address.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2008.



_____
David Alan Ezra
United States District Judge

Abraham Nguyen Martin v. United States of America, CV No. 06-00629 DAE-LEK; CR. No. 04-00322 DAE; CV. No. 06-00632 DAE-LEK; CR. No. 05-00049 DAE; Ninth Circuit Case No. 07-16756; ORDER DENYING MOTION TO RESCIND/RELEASE GOVERNMENT-IMPOSED LIEN ON DEFENDANT'S RESIDENCE ADDRESS